# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY SCHEIN ONE, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL,<br><br>　　　　Defendant. | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Case No. 2:25-cv-00883<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

　　　　On October 8, 2025, Plaintiff Henry Schein One, LLC ("HSO"), filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion").[1] Plaintiff's Motion asks this Court to enter an order requiring Defendant National Electronic Attachment, Inc., doing business as Vyne Dental ("Vyne"), to take or refrain from taking action in twelve categories described in HSO's Motion and proposed order.[2] To summarize, HSO and Vyne are both involved in providing support services to dental offices and HSO seeks to prevent Vyne from taking certain actions related to HSO's software, and also seeks to require Vyne to undo certain actions HSO alleges Vyne has already taken related to that software.

　　　　The Court denies the Motion without prejudice because Vyne filed suit on September 30, 2025, in the District of Maryland.[3] The Tenth Circuit follows the first-to-file rule.

---

[1] ECF No. 14.

[2] *See id.* at 23–24 & Ex. 2.

[3] *National Electronic Attachment, Inc. v. Henry Schein One, LLC*, Case No. 1:25-cv-3246 (D. Md.).

Consequently, district courts here typically decline jurisdiction in cases filed after another federal court has already obtained jurisdiction over the subject-matter of the suit. "Under this rule, courts consider three factors: '(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'" *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). Here, the Maryland suit was filed three days before this suit, the case involves the exact same parties, and appears to address the same subject matter (namely Vyne's interaction with HSO's software). Accordingly, the first-to-file rule appears to apply and counsels against this Court exercising jurisdiction in this matter. Although the Court finds it would be premature to decline jurisdiction entirely, given the District of Maryland has not yet made any determination in that regard, the Court likewise finds HSO's Motion premature given the ongoing proceedings before the District of Maryland.

Based on the foregoing, the Court denies Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction without prejudice to refiling the Motion in the event the District of Maryland determines it cannot, or will not, exercise jurisdiction in the action before that Court. (ECF No. 14)

DATED this 8th day of October 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge