GREENBERG TRAURIG, LLP
Michael Burshteyn (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
Jennifer Bartlett (*pro hac vice pending*)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Michael.Burshteyn@gtlaw.com
Jennifer.Bartlett@gtlaw.com

Garrett W. Messerly (Utah SBN 15678)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Garrett.Messerly@gtlaw.com

Sydney Parks (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212.801.9200
Sydney.Parks@gtlaw.com

*Attorneys for Plaintiff, Henry Schein One, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| HENRY SCHEIN ONE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL, a Delaware corporation,<br><br>Defendant. | **HENRY SCHEIN ONE'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**Case No.** 2:25-cv-00883-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Henry Schein One, LLC ("HSOne") moves for reconsideration of the Court's Order Denying Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18) based on the first-to-file rule and respectfully states as follows:

**INTRODUCTION**

HSOne respectfully submits that the Court's application of the first-to-file rule is misplaced when the subject matter of the two lawsuits is dissimilar. Here the matters are different and can be decided independently. HSOne's case here in Utah is about Vyne's computer hacking, circumvention, and interception of data. Vyne's case in Maryland is about information access and alleges that HSOne should be compelled to provide more access than it allegedly provides now. These are distinct because whether or not HSOne provides sufficient access, there is no justification for hacking. Vyne is breaking into HSOne's systems in an escalating and dangerous fashion on a daily basis. That issue is not before the Maryland court. This Court in Utah alone has the ability to stop the hacking while the parties sort out the degree of additional access, if any, that Vyne deserves—and which venue is appropriate for that litigation.

The Maryland case cannot adjudicate relief on Vyne's hacking because HSOne has no claims pending there, and no pending TRO. The Court's Order suggests that the court in Maryland should first decide whether venue is appropriate in that court for Vyne's information-access claims. That course of action might be reasonable in certain situations, but here it forces HSOne into a situation where it is without any route to relief on its claims in the interim; if HSOne were to file its anti-hacking claims in Maryland, Vyne would treat it as a waiver on the venue issue that this Court observed needs resolution.

This raises significant equitable considerations relevant to the issuance of a TRO. The Tenth Circuit in *Wakaya* held that "[a]fter determining the sequence and similarities in the cases, courts must also determine whether any equitable considerations merit not applying the first-to-

file rule in a particular case."[1]  Absent reconsideration here, HSOne lacks an avenue for relief while the Maryland court resolves venue.  That void allows Vyne to continue its hacking on a daily basis.

The fact that Vyne is clearly forum shopping also counsels against applying the first-to-file rule.  Vyne cites a Fourth Circuit decision over forty times in its TRO brief in Maryland.  That idiosyncratic Fourth Circuit precedent is why Vyne filed there.  Vyne is not based in Maryland.  Vyne and HSOne have thousands upon thousands of customers outside of Maryland.  It has no closer connection to Maryland than to Mississippi.  Utah, however, is the clear situs of the dispute, where HSOne is located, the key witnesses for all parties live, and where they have been working for years.  Even Vyne's declarations supporting their own TRO were signed in Utah.

Apart from the equitable considerations, *Wakaya's* first factor, chronology, merits reconsideration of the Court's Order as well.  Whether the first party to file truly initiated the dispute is relevant.  Here, HSOne initiated this dispute with a demand letter threatening to sue Vyne for its computer hacking on August 26, 2025.  Vyne then responded on September 6, 2025.  The parties negotiated a tolling agreement with Utah venue.  Vyne, after representing that it was comfortable with the terms, did not confirm its signature.  Then Vyne preemptively sued in Maryland while pretending to negotiate and while HSOne was actually negotiating in good faith.  In these situations, courts may disregard the first-to-file rule due to the true chronology of events.  *See Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1231 (D. Utah 2019) ("The sequence of events here weighs against abstention."); *Nacogdoches Oil & Gas, L.L.C. v. Leading Sols., Inc.*, No. 06-2551-CM, 2007 WL 2402723, at *2–3 (D. Kan. Aug. 17, 2007) (dismissing first-filed case because it was an anticipatory action and the two competing lawsuits were close enough in time (7 weeks apart) that the first-to-file rule was not applicable).

---

[1] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1127 (10th Cir. 2018).

HSOne respectfully requests that the Court reconsider the issue and permit the TRO and PI briefing and hearings to proceed so that HSOne's claims for emergency relief to save it from a daily hacking campaign—pending only in this Court and nowhere else—may be heard and evaluated.

## FACTUAL BACKGROUND[2]

The facts regarding Vyne's hacking, interference, and misrepresentations are set out in detail in HSOne's Complaint (ECF No. 1) and Motion for TRO.

### A. HSOne initiated the Utah dispute before Vyne filed in Maryland.

Although Vyne technically filed first, HSOne acted first. HSOne sent Vyne a letter on August 26, 2025 demanding Vyne stop its hacks. Vyne then retained counsel in this matter, who responded on September 6, 2025.

HSOne then entered into commercial negotiations with Vyne. Vyne kept hacking. The parties negotiated a tolling agreement. Both parties agreed on Utah venue for this agreement. HSOne and Vyne came to terms on the tolling agreement on September 15, 2025. A true and correct copy of the Tolling Agreement executed by HSOne is attached to the Declaration of Michael Burshteyn. It is unclear whether Vyne has signed it or not. When HSOne followed up with Vyne about Vyne's signature, Vyne cut off negotiations with HSOne.

Knowing HSOne had valid claims against it, Vyne raced to file a complaint in the District of Maryland on September 30, 2025.[3] HSOne filed within days.

Vyne appears to be forum shopping. Vyne's only stated basis for venue in Maryland is that it has some affected customers there. But HSOne and Vyne have thousands of overlapping

---

[2] Unless stated otherwise, HSOne relies on the allegations in its Motion for TRO, supported by the Declaration of Kenton McDaniel ("McDaniel Decl.").

[3] Case No. 1:25-cv-03246-MJM.

customers in every state. Vyne is not based in Maryland. HSOne is based in Utah. And Vyne's CEO and CTO, both of whom submitted declarations in support of Vyne's preliminary injunction motion in Maryland, live in Utah and signed their declarations in Utah. They both used to work for HSOne in Utah. The nexus of the dispute is in Utah, and HSOne intends to file a transfer motion from Maryland to this Court.

### B. The Utah and Maryland cases are different and can be resolved independently of each other.

Vyne's case is about information access. HSOne's case is about computer hacking, circumvention, and interception. While HSOne disagrees with Vyne's allegations, the nature of the cases means that both parties could win some claims in each case. Even if Vyne wins some argument about access—which HSOne believes it will not—Vyne is not entitled to engage in computer hacking and violating the CFAA, ECPA, DMCA, and Utah law. The issue in the current TRO is solely whether Vyne may continue hacking HSOne's computers.

## LEGAL STANDARD

Reconsideration is warranted when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Motions for reconsideration filed before the entry of final judgment, as here, are properly construed under Rule 54(b)." *King v. IC Group, Inc.*, 743 F. Supp. 3d 1341, 1344 (D. Utah 2024), reconsideration denied, No. 2:21-CV-00768-RJS-CMR, 2024 WL 4654114 (D. Utah Nov. 1, 2024) (citation omitted). Rule 54(b) provides that "any order ... that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* (citation omitted). "A motion for reconsideration is granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice." *Id.* (citation omitted).

Here, reconsideration is warranted because HSOne is left without a route to pursue its rights with respect to Vyne's hacking if it cannot proceed in Utah on its TRO.

## ARGUMENT

A. **The First-to-File Rule Does Not Apply Because HSOne Acted First, the Maryland Litigation Raises Different Issues, and It Would Be Inequitable to Force HSOne to Compromise Its Venue Objections by Seeking a TRO in Maryland.**

The first-to-file rule "permits" but "does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court." *Michael W.*, 420 F. Supp. 3d at 1224 (citing *Wakaya*, 910 F.3d at 1124). Under this rule, courts consider three factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* These factors are not exhaustive and the court "cannot resort to a 'rigid mechanical solution.'" *Id.* (citation omitted).

Courts "***must also*** determine whether any equitable considerations...merit not applying the first-to-file rule in a particular case." *Id.* at 1127 (citing *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)) (emphases added). The Tenth Circuit has explained that the first-to-file may be disregarded "to prevent a misuse of litigation in the nature of vexatious and oppressive foreign suits," and "courts need not defer to the first-filed case when doing so would reward forum shopping." *Id.* (citations omitted). These exceptions are not exhaustive. *See id.*

The first-to-file rule is discretionary, and rests "on principles of comity and conserving judicial resources…' to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Michael W.*, 420 F. Supp. 3d at 1224 (quoting *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, 1999 WL 682883, *3 (10th Cir. 1999)). Denying HSOne's Motion for TRO based on the first-to-file rule will not conserve judicial resources given the different claims and relevant facts. In other words, HSOne's hacking case will have to be litigated

even though Vyne preemptively filed a data-access case against HSOne. *See id.* at 1230–31 (noting the difference in claims and finding this cut against abstaining). Forcing HSOne to wait or to seek relief in Maryland, the wrong venue, prejudices HSOne in the interim.

The Court has discretion to reject application of the first-to-file rule when the factors demonstrate the first forum is not necessarily the more appropriate forum. *See id.* "Although the first-to-file rule is a 'baseline' when determining which federal court should hear a case, it is not mandatory and "the first court to acquire jurisdiction may not be ideally suited to decide on the merits." *Consumer Financial Protection Bureau v. Acima Holdings et al.*, No. 2:24-CV-00525, 2024 WL 4931839, at *2 (D. Utah Dec. 2, 2024) (citation omitted).

Based on the three factors, the first-to-file rule does not apply here.

First, although there is no dispute that Vyne filed its Complaint on September 30, 2025, HSOne filed just three days later. "[W]hen competing actions are filed within a short time of each other, courts may disregard the first-filed rule." *Nacogdoches Oil & Gas, L.L.C.*, 2007 WL 2402723, at *2–3; *see also Recoton Corp. v. Allsop, Inc.*, 999 F.Supp. 574, 577 (S.D.N.Y.1998) (refusing to apply first-to-file rule where two days separated two actions). The sequence of events also weighs against application of the rule. While the Maryland action was technically first-filed, "the overall chronology of events between the two cases" tells a different story. *Michael W.*, 420 F. Supp. 3d at 1231. Here HSOne initiated the Utah dispute with a demand letter. Vyne then raced to court in response.

Second, the parties are the same, but even where parties have been the same, courts have declined to apply the rule. *See U.S. ex rel. Brown Minneapolis Tank Co. v. Kinley Const. Co.*, 816 F. Supp. 2d 1139, 1143 (D.N.M. 2011) (denying motion to dismiss or alternatively to transfer venue based on the rule even where it involved the same parties).

Third, the issues and claims at stake are very different, and do not weigh in favor of application of the rule. While "[t]he issues need not be identical" for the first-to-file rule to apply,

they must "'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Michael W.*, 420 F. Supp. 3d at 1227 (citation omitted). That is not the case here.

The two cases will turn on different facts and different legal issues. In Maryland, the question is what level of data access HSOne must provide. In Utah, the question is whether hacking, circumvention, and interception are permissible. The facts behind Vyne's data access-claims differ from the facts needed to evaluate HSOne's anti-hacking claims. An analogous situation would be a dispute over whether a beach is public or private land. Such a dispute would not justify breaking into a house blocking beach access. The case for trespassing would be a different case than the case for requiring an easement for public access. Both cases can proceed independently of each other for purposes of the TRO proceedings in this Court. "The court need not defer to the first-to-file rule when the two cases merely have some similarity but do not substantially overlap." *Id.* at 1227 (citation omitted). These cases do not "hinge on the outcome of the same legal/factual issues" and thus not have the substantial overlap that would justify application of the rule. *See id.* at 1229–30 (concluding the cases were not duplicative "[b]ecause at least three of Plaintiffs' four claims for relief are likely to proceed regardless of any preclusive effects of the *Wit* decision.").

Simply put: Vyne's Maryland suit asserts a right to data; HSOne's action here seeks to prevent unlawful "self-help."

### B. Vyne Engaged in Anticipatory Filing After Receiving HSOne's Demand Letter, which Weighs Against Applying the First-to-File Rule.

After determining the chronology, parties, and issues, "courts must also determine whether any equitable considerations merit not applying the first-to-file rule in a particular case." *Michael W.*, 420 F. Supp. 3d at 1230 (citing *Wakaya*, 910 F.3d at 1127); *Consumer Financial Protection*

*Bureau*, 2024 WL 4931839, at *2–3 ("Even if all three factors of the rule are satisfied, equitable factors may still counsel against application of the rule.").

Equitable considerations include "inequitable conduct, bad faith, anticipatory suits, and forum shopping," among other considerations. *See Consumer Financial Protection Bureau*, 2024 WL 4931839, at *2–3. Each of these equitable factors alone can support an exception to the first-to-file rule. *See id.* (citations omitted). Indeed, "[t]he letter and spirit of the first-filed rule, therefore, are grounded on equitable principles." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 976–77 (3d Cir. 1988), aff'd, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990) (citation omitted). "Under this standard, a court must act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'" *Id.* (citation omitted).

First, the fact that Vyne cut off commercial negotiations while HSOne was negotiating in good faith after HSOne first sent a demand letter means Vyne should not receive credit for filing first for purposes of the analysis. *See Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 664–65 (N.D. Cal. 2003) (dismissing first-filed action and finding the first-to-file rule did not apply where a party, after receiving a cease and desist, requested extensions to reply to demand for the purpose of promoting settlement and then filed its complaint).

Second, Vyne filed its anticipatory suit knowing HSOne was filing suit. "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Id.* at 665 (citation omitted). Where an action "has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action to proceed to judgment

9

rather than the first." *Id.* at 667 (citations omitted). In *Consumer Financial Protection Bureau v. Acima Holdings et al.*, for example, the court denied defendants' motions to transfer or in the alternative to stay a second-filed action because the court concluded defendants filed an anticipatory suit. *See* 2024 WL 4931839, at *2-4. The parties entered into settlement negotiations, but they failed, and it was clear that the Bureau was going to bring an action against defendants. *See id.* at *1. Defendants then filed an action against the Bureau in the Eastern District of Texas. The court noted "Defendants' Texas action fits into the 'anticipatory-suit exception, which is intended to discourage races to the courthouse door.'" *Id.* at *3.

Third, Vyne is clearly forum shopping to avoid Utah, the most convenient and appropriate forum for both of the parties. While there are a handful of customers in Maryland, HSOne is based in Utah, and Vyne's relevant executives are based in Utah. Although the parties had negotiated the tolling agreement with Utah as the mandatory jurisdiction and venue for any suit, Vyne ignored that and raced to file in another forum. "This kind of preemptive forum shopping is unhelpful and inefficient." *Consumer Financial Protection Bureau*, 2024 WL 4931839, at *4. This factor weighs against the application of the rule. *See Z-Line Designs, Inc.*, 218 F.R.D. at 667 (finding Z–Line filed its action because of the threat of imminent suit by Bell'O. "This threat of suit prompted Z–Line to file this action in order to secure its choice of forum.")

In light of these equitable considerations, the Court should not defer to Vyne's filing in Maryland.

C.     **The Current Ruling Leaves HSOne Without an Avenue for Obtaining Emergency Interim Relief in Any Forum Without Suffering Prejudice.**

Apart from Vyne's anticipatory conduct and the chronology, another equitable circumstance weighs against the first-to-file rule and supports reconsideration. Specifically, if this

Court waits to see how the Maryland court resolves venue, HSOne has no forum where it can seek relief to stop Vyne's daily hacking in the interim.

As HSOne will demonstrate in a motion to transfer venue, Maryland is not the proper venue for either of the parties' suits. But forcing HSOne into a situation where it has no remedy while it waits for resolution of that venue issue creates an injustice, because Vyne has shown it will have no scruples about violating the CFAA, DMCA, and ECPA in the meantime. This leaves HSOne in an impossible position—filing an action in the wrong venue (Maryland) and undermining its challenge to that court's ability to hear the case. Eventually, the Maryland court will decide the venue dispute, but HSOne needs immediate protection against unlawful hacking. Vyne seeks to force HSOne to compromise its venue argument in order to obtain the restraining order it needs. Putting a litigant to that choice when it seeks relief in a court (this one) where no one disputes venue is inequitable.

Where a unique equitable consideration exists like this, it provides a narrow limiting principle that permits the Court not to apply the first-to-file rule and balance the equitable issues permitting HSOne's TRO to be heard in Utah.

## **CONCLUSION**

HSOne respectfully requests the Court reconsider its ruling on HSOne's Motion for a Temporary Restraining Order and Preliminary Injunction. The Court can take up this motion on Vyne's hacking while the Maryland Court evaluates the venue disputes around Vyne's distinct case for statutory access. Otherwise, HSOne is prejudiced without an avenue for relief while Vyne is rewarded from the type of anticipatory filing and forum shopping that the Tenth Circuit seeks to discourage. HSOne requests the Court reconsider its denial and set a briefing schedule for the TRO.

Dated, this October 9, 2025,

                        GREENBERG TRAURIG LLP

                By */s/ Michael Burshteyn*
                   Michael Burshteyn

                   GREENBERG TRAURIG, LLP
                   Michael Burshteyn (*pro hac vice*)
                   Marcelo Barros (*pro hac vice*)
                   Jennifer Bartlett (*pro hac vice pending*)
                   101 Second Street, Suite 2200
                   San Francisco, California 94105-3668
                   Telephone: 415.655.1300
                   Michael.Burshteyn@gtlaw.com
                   Marcelo.Barros@gtlaw.com
                   Jennifer.Bartlett@gtlaw.com

                   Garrett W. Messerly (Utah SBN 15678)
                   222 South Main Street, Suite 1730
                   Salt Lake City, Utah 84101
                   Telephone: 801.478.6900
                   Garrett.Messerly@gtlaw.com

                   Sydney Parks (*pro hac vice*)
                   One Vanderbilt Avenue
                   New York, New York 10017
                   Telephone: 212.801.9200
                   Sydney.Parks@gtlaw.com

                   *Attorneys for Plaintiff, Henry Schein One, LLC*