**GREENBERG TRAURIG, LLP**
Michael Burshteyn (*pro hac vice*)
Jennifer Bartlett (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Michael.Burshteyn@gtlaw.com
Jennifer.Bartlett@gtlaw.com

Garrett W. Messerly (Utah SBN 15678)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Garrett.Messerly@gtlaw.com

Sydney Parks (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212.801.9200
Sydney.Parks@gtlaw.com

*Attorneys for Plaintiff Henry Schein One, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| HENRY SCHEIN ONE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL, a Delaware corporation,<br><br>Defendant. | **HENRY SCHEIN ONE, LLC'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**Case No.** 2:25-cv-00883-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Henry Schein One, LLC ("HSOne") files this Reply in Support of Its Motion for Reconsideration of the Court's Order Denying Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") ("Reply") (ECF No. 20) based on the first-to-file rule and respectfully states as follows:

**INTRODUCTION**

This Court was the first court to have an opportunity to right the wrong of Vyne's conduct. Even today, the Court can still redress the harm Vyne continues to cause by reconsidering its denial of HSOne's TRO based on the first-to-file doctrine. Equitable considerations merit reconsideration of that denial. Vyne's forum shopping, anticipatory filing, and ongoing hacking are equitable considerations under Tenth Circuit law that take this situation out of the first-to-file default rule.

Since HSOne filed its TRO in this Court, Vyne has continued to access HSOne's software systems without authorization, intercept network traffic data, and circumvent HSOne's technical protective measures.[1] As to Vyne's request for a TRO, the Maryland court denied it at a hearing last Thursday, October 23, 2025. The Maryland court determined that Vyne did not meet its burden on the TRO standard.

Faced with a Hobson's choice caused by Vyne's forum shopping and anticipatory filing, HSOne had no alternative but to file counterclaims and its own motion for a TRO and PI in Maryland on the same day of last week's hearing. Because HSOne's motion for reconsideration is still pending before this Court, filing its own counterclaims, TRO, and PI in Maryland was the only way for HSOne to place the full balance of equities before the court in Maryland while it considered Vyne's TRO.

---

[1] (Declaration of Kenton McDaniel ("McDaniel Decl.")) (ECF No. 22.)

After denying Vyne's TRO at the hearing, the Court accelerated briefing on HSOne's pending TRO and PI. Vyne must reply to that motion this Thursday, October 30, 2025. The Maryland court also set an evidentiary hearing on HSOne's TRO and PI, as well as Vyne's still-pending PI motion, for November 12, 2025. The Maryland court noted, however, that it would consider whether to transfer Vyne's case in Maryland prior to the November 12, 2025 hearing.[2]

In this context, reconsideration of this Court's denial of HSOne's TRO is merited. If the Maryland court transfers the case or dismisses it prior to determining issues of preliminary relief, this Court can take up HSOne's TRO and PI.[3] Should this Court not reconsider its ruling, then HSOne is left in an inequitable situation where Vyne has a license to violate multiple federal hacking laws due to forum shopping and anticipatory filing. Since the time HSOne filed this action, Vyne has been emboldened. Its anticipatory forum shopping, so far, is working and enabling it to get away with unauthorized access to HSOne's software. Based on the supplemental declaration of HSOne's Chief Information Security Officer, Vyne continues to exploit HSOne's systems. While Vyne does not have an immediate need for relief, as the denial of its TRO shows, HSOne does. Reconsideration would correct the manifest injustice caused by application of the first-to-file doctrine, which Vyne is using as a shield to proceed with its hacking.

---

[2] Hearing Transcript, attached as Ex. 2 to Bartlett Decl., at 79:25-80:6. On October 14, 2025, HSOne moved to transfer the Maryland Action to Utah because Utah is the more convenient forum and transfer would serve the interests of justice. (Mot. to Transfer (Maryland ("MD") ECF No. 35-1), Ex. 1 to Declaration of Jennifer Bartlett ("Bartlett Decl.").

[3] One way the Court could reconsider its ruling in light of the present procedural posture could be to set a response date and hearing on HSOne's TRO and PI motion for shortly after November 12. This way, HSOne's motion can move forward if the Maryland court transfers or dismisses Vyne's case in Maryland and does not rule on HSOne's early injunctive relief requests. This contrasts with the present situation, where HSOne would be forced to refile its TRO and seek relief in the form of an accelerated briefing schedule. Apart from the practical inequities, HSOne respectfully submits that Vyne should not receive the benefit of the application of the first-to-file doctrine given its anticipatory forum shopping and escalating hacks.

## ARGUMENT

The parties' papers before this Court and in Maryland extensively traverse the factual background of this dispute. Vyne mischaracterizes its own conduct in its Opposition brief, citing to declarations it submitted in connection with the TRO and PI briefing in Maryland. HSOne incorporates by reference its own factual descriptions in its TRO and PI papers, including the declarations of its Chief Executive Officer and Chief Information Security Officer.

The key facts that matter for this motion are not in dispute. Vyne knew that HSOne was imminently going to assert claims for relief to stop Vyne's hacking. Vyne knew that HSOne was planning to file in Utah, because the parties had agreed on a tolling agreement with Utah venue.

With this knowledge, Vyne rushed into federal court in Maryland to pre-empt HSOne's anticipated filing. Why Maryland? Not because it is the nexus of the dispute, or because Maryland has any connection to facts that give rise to the dispute. HSOne is headquartered here in Utah. Vyne's principal place of business is in Georgia. Vyne maintains an office in Utah and its CEO, Chief Technology Officer, and President all live in Utah. Indeed, all three used to work for HSOne here in Utah as well.[4]

The reason Vyne filed in Maryland is because it believes there is a Fourth Circuit case helpful to it there. Putting aside whether that Fourth Circuit case is applicable, and it is not,[5] the Tenth Circuit disfavors this sort of anticipatory forum shopping and considers it a reason to disregard the first-to-file rule.

---

[4] HSOne lays out the many connections to Utah in this case in its pending transfer motion in Maryland. (Ex. 1 to Bartlett Decl.)

[5] HSOne explains the stark contrasts between the precedent for which Vyne forum shopped and the facts at issue in this dispute in its Opposition brief to Vyne's TRO motion. (Opp. at 21-24, attached as Ex. 3 to Bartlett Decl.)

     **A.**     **Reconsideration Is Warranted.**

HSOne filed its Motion to prevent manifest injustice. After the Court denied HSOne's Motion for a TRO based on the first-filed doctrine, HSOne was left without recourse to stop Vyne's unlawful conduct. Refiling in Maryland was an inequitable option, as it forced HSOne to choose between, on the one hand, opening itself up to Vyne's argument that it consents to the Maryland venue and, on the other hand, being under threat of Vyne's continued hacking without relief.

This is not a situation where HSOne moved for reconsideration to rehash arguments or evidence available at the outset, and the cases Vyne cites (Resp. (ECF No. 31) at 5) are therefore inapposite. HSOne's reason for reconsideration arose only after the Court denied the TRO—HSOne could not have made its argument any earlier than it did.

That the landscape has changed does not moot the need for HSOne's Motion. HSOne's Motion to Transfer Venue is pending in Maryland, and Judge Maddox indicated that he could potentially decide it on the papers.[6] The Maryland court could transfer the case back to Utah, and HSOne's Motion for a TRO would not be further delayed if this Court reconsiders its prior ruling.

     **B.**     **The First-to-File Rule Should Not Apply Here Where HSOne Made Clear that Litigation was Imminent and Where the Actions are Not Materially on All Fours.**

HSOne initiated this dispute, not Vyne. Vyne knew that HSOne intended to file in this Court. After Vyne pre-empted, HSOne filed its Complaint three days later. Vyne does not address the cases HSOne cites explaining that the Court can disregard the first-to-file rule given the actual chronology and short timeframe between the filings. *See Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1231 (D. Utah 2019); *Nacogdoches Oil & Gas, L.L.C. v. Leading Sols., Inc.*, No. 06-2551-CM, 2007 WL 2402723, at *2–3 (D. Kan. Aug. 17, 2007).

---

[6] (Exhibit 2 to Bartlett Decl. at 79:25-80:6.)

While the facts of the disputes overlap, each side seeks resolution of distinct legal issues. HSOne's claims are straightforward claims to stop unauthorized access, trespass, interception, circumvention, unfair competition, and related claims for Vyne's hacking and misrepresentations about its conduct. Vyne's case is more focused on whether the law gives Vyne a right to unfettered read and write access to HSOne's software systems and database. Even if Vyne wins any of its claims, which it should not, none of Vyne's claims justify violating federal computer hacking laws or Vyne's other conduct. This is consequently not a situation where this Court cannot adjudicate HSOne's claims while Vyne prosecutes its claims elsewhere.

### C.  Vyne's Forum Shopping and Anticipatory Filing Has Created an Inequitable Situation that Merits Disregarding the First-to-File Rule.

The first-to-file doctrine begins the analysis but, where a party engages in forum shopping and anticipatory filing, filing first is of no import.

Here, HSOne acted first. It sent Vyne a demand letter on August 26, 2025, making clear that litigation was imminent if Vyne did not stop its hacking.[7] After receiving HSOne's demand, Vyne engaged counsel. Vyne then negotiated and agreed (Resp. at 3) to a tolling agreement that provided for Utah venue.[8] Vyne does not mention this in its Opposition brief, despite relying on other provisions of the tolling agreement. (Resp. at 3, 8, 9.)[9] After Vyne failed to return a signed copy of the tolling agreement, on September 30, 2025, HSOne's CEO informed Vyne's CEO that unless Vyne demonstrated a concrete sign of good faith by sending its signature to a tolling

---

[7] (Letter attached as Ex. 4 to Bartlett Decl.)

[8] (Ex. 9 to Mr. Levy's Decl. (ECF No. 32) at § 9.)

[9] Vyne references provisions of the tolling agreement that state it does not preclude either side from requesting preliminary injunctive relief. These are of no import to the first-to-file analysis before the Court.

agreement that the parties had agreed upon, HSOne would have no choice but to initiate litigation. Vyne filed its Complaint later that night.[10]

Vyne's rush to file in Maryland was motivated by its desire to try to take advantage of a precedent it perceives will benefit it.  Courts disfavor this type of behavior.[11]  Vyne mentions the case *Real Time Medical Systems, Inc. v. PointClickCare Technologies, Inc.*, 131 F.4th 205 (4th Cir. 2025) no less than 37 times in its TRO.  (Ex. 6 to Levy Decl.)  At the hearing on Vyne's motion for a TRO on October 23, Vyne also repeatedly referred to the case.  (Tr. at 18:6-10, 19:9-12, 20:13-18, 20:22-25, 23:25-24:1, 26:18-20, 35:12, 38:14-16.)  This is the real reason Vyne chose Maryland and not Utah, where HSOne is based, where the significant events occurred, and where many key witnesses (including Vyne's executives) live.  Even though the *Real Time* case does not help Vyne and in fact supports denial of Vyne's claims for relief and dismissal of its case, this is of no import.  The Tenth Circuit's forum shopping exception to the first-to-file rule does not factor in whether the forum-shopped case law helps or hurts the forum-shopper.

Although Vyne contends its customers in Maryland have been affected by the dispute, even assuming all of those customers have actually been affected (as opposed to a handful), that still constitutes only 2.125% of the more than 8,000 total nationwide dental practices Vyne has as customers and less than half a percent of HSOne's nationwide customers.[12]

---

[10] (Decl. of Brian Weatherly (Maryland ECF No. 38-1) ¶¶ 8, 9, attached as Ex. 5 to Bartlett Decl.) The facts contradict Vyne's contention that HSOne "gin[ned] up a potential conflict among district courts." (Resp. at 9.)  Vyne was well aware that HSOne would imminently file.

[11] *See, e.g., M & N Plastics, Inc. v. Sebelius*, 997 F. Supp. 2d 19, 25 (D.D.C. 2013) (plaintiff's filing outside home district was motivated by favorable D.C. circuit precedent and a desire to escape unfavorable 11th circuit law); *Nazemi v. Arco Petroleum Prods. Co.*, No. 88 CV 8428 (KMW), 1989 U.S. Dist. LEXIS 8438, at *3-4 (S.D.N.Y. July 25, 1989) ("A district court in its discretion may transfer an action to a district having a nexus with the controversy when the plaintiff sues in a forum with no nexus seeking to take advantage of more favorable precedent").

[12] (Vyne Compl. (MD ECF No. 1) ¶ 6; Dec. of Brian Weatherly (MD ECF No. 36) ¶ 9, attached as Ex. 6 to Bartlett Decl.).

One of Vyne's letters to HSOne, dated August 21, 2025, illustrates Maryland's tangential connection to this dispute.[13] In this letter, Vyne states it had been authorized to act on behalf of 411 dental practices seeking that data within HSOne's Dentrix be made accessible to Vyne.[14] Leaving aside the misguided nature of the letter and its contents, it is notable that Maryland dental practices appear only seven times in the list—ranking 20th out of 39 states represented. Nineteen other states ranked higher, including California with 33 practices (1st place), Georgia with 16 practices (10th), Indiana with 12 practices (13th), and Utah (11th), with 14 dental practices represented.[15] This letter alone, which reflects a self-selected group of dental practices, underscores how Maryland is not the nexus of this dispute.

Contrary to Vyne's contention otherwise, *Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 664–65 (N.D. Cal. 2003) and *Consumer Financial Protection Bureau v. Acima Holdings et al.*, No. 2:24-CV-00525, 2024 WL 4931839, at *2-4 (D. Utah Dec. 2, 2024) support HSOne's position that Vyne's suit was anticipatory. Like in *Z-Line Designs*, Vyne stalled and prolonged discussions knowing that HSOne planned to file. Vyne did so to give it cover to keep hacking and deploying new workarounds to HSOne's security measures. Vyne was well aware of HSOne's new security measures, given that HSOne transparently telegraphed them to customers before deploying (unlike Vyne's hacking, which it does while misleading customers about the true nature of its conduct). *Acima Holdings* also supports HSOne. Just like there, Vyne filed a declaratory judgment action in Maryland in a race to the courthouse. Vyne improperly imputes a bad-faith standard, which is not required to disregard the first-to-file rule in the Tenth Circuit (even though the record also supports a finding of bad faith).

---

[13] HSOne does not concede or accept the contents of such a letter.

[14] (Ex. 7 to Bartlett Decl.)

[15] (*Id.*)

In light of Vyne's anticipatory forum shopping, no preference should be given to the fact that it rushed to court in Maryland a few days prior to HSOne's initiation of this dispute in Utah.

## CONCLUSION

HSOne respectfully requests the Court reconsider its ruling on HSOne's Motion for a Temporary Restraining Order and Preliminary Injunction where it adopted the first-to-file rule with respect to this case. Reconsideration creates a route for relief because if the Maryland Court grants HSOne's Motion to Transfer, then this Court can take up HSOne's existing TRO without the need for refiling and extending the time until the issue is ripe for resolution. The equitable considerations here, where Vyne continues to hack HSOne and has been emboldened by the to-date success of its anticipatory forum shopping, merit such reconsideration.

Dated this October 28, 2025,

**GREENBERG TRAURIG LLP**

By */s/ Michael Burshteyn*
Michael Burshteyn

**GREENBERG TRAURIG, LLP**
Michael Burshteyn (*pro hac vice*)
Jennifer Bartlett (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Michael.Burshteyn@gtlaw.com
Jennifer.Bartlett@gtlaw.com
Marcelo.Barros@gtlaw.com

Garrett W. Messerly (Utah SBN 15678)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Garrett.Messerly@gtlaw.com

Sydney Parks (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212.801.9200
Sydney.Parks@gtlaw.com

*Attorneys for Plaintiff, Henry Schein One, LLC*