Michael Burshteyn (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone:  415.655.1300
Michael.Burshteyn@gtlaw.com

*Counsel for Plaintiff*
*Henry Schein One, LLC*
*(Additional counsel listed on following page)*

Vincent Levy (*pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone:  646.837.5151
vlevy@hsgllp.com

*Counsel for Defendant National Electronic*
*Attachment, Inc., d/b/a Vyne Dental*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **HENRY SCHEIN ONE, LLC**, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL**, a Delaware corporation, <br><br> Defendant. | Case No. 2:25-cv-00883-AMA-JCB <br><br> **JOINT STATUS REPORT** <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

1

ACTIVE 726068161v2

**ADDITIONAL COUNSEL**

Jennifer Bartlett (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone:  415.655.1300
Jennifer.Bartlett@gtlaw.com
Marcelo.Barros@gtlaw.com

Garrett W. Messerly (Utah SBN 15678)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone:  801.478.6900
Garrett.Messerly@gtlaw.com

Sydney Parks (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone:  212.801.9200
Sydney.Parks@gtlaw.com

*Additional Counsel for Plaintiff Henry Schein One, LLC*

Amy F. Sorenson (Utah SBN 8947)
Bret R. Evans (Utah SBN 15131)
**SNELL & WILMER LLP**
15 W South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone:  801.257.1900
asorenson@swlaw.com
brevans@swlaw.com

Michael Shuster (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
Torrell Mills (*pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone:  646.837.5151
mshuster@hsgllp.com
dfahrenthold@hsgllp.com
tmills@hsgllp.com

*Additional Counsel for Defendant National Electronic Attachment, Inc., d/b/a Vyne Dental*

2

ACTIVE 726068161v2

## JOINT STATUS REPORT

Pursuant to the Court's March 10, 2026 Order (ECF No. 46), Plaintiff Henry Schein One, LLC ("HSOne") and Defendant National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne") hereby submit this Joint Status Report regarding the status of the parallel litigation pending in the United States District Court for the District of Maryland, *National Electronic Attachment, Inc. d/b/a Vyne Dental v. Henry Schein One, LLC*, Case No. 1:25-cv-03246-MJM (the "Maryland Action"), and HSOne's Motion to Transfer, which HSOne withdrew without prejudice on April 14, 2026. HSOne and Vyne submit their respective positions regarding the Maryland Action, the status of HSOne's Motion to Transfer, and the status of this case.

**HSOne's Position**

HSOne filed a Motion to Transfer in the Maryland Action on October 14, 2025, seeking to transfer the case Vyne filed to this Court. (Maryland Action, ECF 35-1.) HSOne is a Utah-headquartered company. The conduct Vyne challenges occurred in Utah. Vyne has an office in Utah. (*Id.* 1.) Vyne's CEO and CTO, who have been Vyne's declarants and live in Utah, were Vyne's main witnesses at the preliminary injunction hearing. Indeed, one of Vyne's witnesses apparently flew to Baltimore for the preliminary injunction hearing on the same plane as two of HSOne's witnesses. (Feb. 10 Tr. 74:25–75:1.) Vyne engaged in blatant forum shopping and rushed to file its case against HSOne in Maryland. Vyne did so, knowing HSOne was about to file a case against Vyne to stop Vyne's egregious—and now admitted—computer hacking, to try to take advantage of what it perceives as favorable precedent out of the Fourth Circuit Court of appeals.

The Maryland court set oral argument on the Motion to Transfer, among other items, for April 14, 2026. HSOne decided at the April 14 hearing to withdraw its Motion to Transfer and reserved its right to renew it at a later date (Apr. 14 Tr. 54:21–57:3, excerpts attached as Exhibit A to the concurrently filed Declaration of Jennifer Bartlett ("Bartlett Decl.")), namely in advance of trial. HSOne withdrew its motion because the posture of the case had changed since HSOne filed

3

its Motion to Transfer in October 2025. (*Id.* 54:21–55:5.) By the time HSOne withdrew the motion, Judge Maddox in Maryland had overseen two temporary restraining order hearings, three days of evidentiary preliminary injunction hearings, and two additional hearings concerning the preliminary injunctions and the other pending motions, including the Motion to Transfer. He heard the parties' arguments and became familiar with the evidence. The expected injunction-enforcement issues are technically nuanced and will require continued supervision by the Maryland court, which is best positioned to oversee them given its involvement throughout the injunctive process. (Apr. 14 Tr. 18:18–19:21, 21:16–23, 55:5–21.) HSOne thus determined that allowing the case to continue in Maryland during this injunctive stage would conserve the parties' and judicial resources. Vyne did not oppose the withdrawal. (Apr. 14 Tr. 56:20–25.)

But HSOne did not abandon its position that Vyne engaged in egregious forum shopping that has resulted in inefficiency and wasted resources by the parties. (Feb. 10 Tr. 53:7–18.) And as this litigation proceeds to trial, the transfer factors including convenience of the parties and witnesses may require transfer to this Court. (Feb. 10 Tr. 78:14–16.) Staying this case in the interim would therefore allow such transfer to occur more seamlessly should the need arise.

HSOne's withdrawal and its request to continue the stay of this case are consistent with the position Vyne itself took in opposing transfer. Vyne argued that Section 1404(a) transfer was premature because the case was at a nascent stage and trial-convenience factors could not yet be assessed. (Maryland Action, ECF 51 at 1, 5–6, attached as Bartlett Decl. Exhibit B (highlighting added).) Vyne therefore resisted transfer on the premise that trial-convenience issues should be evaluated once the proceedings had matured. Indeed, Vyne told the Maryland court that it should consider HSOne's transfer motion "only after proceedings have sufficiently matured to a point at which the court can meaningfully weigh trial-convenience factors." (Maryland Action, ECF 51 at 6.) Vyne argued that "[m]ultiple courts have explained that Section 1404(a)'s purpose is to ensure that, once a case is ready for trial, it proceeds in a forum that properly accommodates the witnesses,

ACTIVE 726068161v2

evidence, and judicial economy associated with that trial." (Maryland Action, ECF 51 at 5.) That forum is Utah.

The parties' dispute is proceeding in Maryland given the injunctive posture and the Maryland court's continued oversight. HSOne requests that this case remain open and stayed, with HSOne preserving its right to renew its Motion to Transfer as the case proceeds toward trial.

HSOne reserves its right to renew its transfer motion and to seek transfer of the Maryland Action to this Court before trial. HSOne therefore respectfully requests that this Court continue to stay this case.

**Vyne's Position**

HSOne filed this duplicative case after Vyne filed its own lawsuit, as was its prerogative as plaintiff, in Maryland federal court. Despite accusing Vyne of forum shopping, HSOne waived every personal-jurisdiction and venue objection to Vyne's suit proceeding in Maryland, HSOne filed counterclaims there that mirror its claims here, and HSOne withdrew its motion to transfer the Maryland case to this District nearly three months ago. Then, rather than voluntarily withdraw this second-filed case under FRCP 41(a), it insisted on maintaining the case open in the event that, "as th[e] [Maryland] litigation proceeds to trial" (presumably after the summary-judgment phase), HSOne may wish to renew its transfer motion in the Maryland action. To the extent that HSOne maintains this position, the Court should set a briefing schedule on a motion to dismiss the instant case. Given HSOne's submission, however, Vyne offers two additional observations in response.

First, as this Court recognized, "the Tenth Circuit follows the first-to-file rule," "the Maryland suit was filed three days before this suit, the case involves the exact same parties, and appears to address the same subject matter[.]" ECF No. 18 at 1-2 (citing *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018)). Hence, the Maryland court, "the first court in which jurisdiction attache[d][,] has priority to consider the case." *Hospah Coal Co.*

5

ACTIVE 726068161v2

*v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citation omitted). That is particularly so now that HSOne is pressing claims there (and withdrew its transfer motion).

Second, HSOne's reservation of the right to file a renewed transfer motion in Maryland under 28 U.S.C. 1404(a) is no basis to maintain this duplicative case. As the text indicates, a motion under Section 1404(a) would permit HSOne (were it to prevail over any objection by Vyne) to obtain "transfer" of the first-filed Maryland action "to any other district," including this one. (Emphasis added.) The decision to transfer will fall exclusively to the Maryland court. 15 Fed. Prac. & Proc. Juris. § 3844 ("Only the district court in which the action is pending can order a change of venue."). And if that court does later order transfer, then "the papers [would be] lodged with the clerk of the transferee court" (i.e., this one), and thereafter (following any stay to permit appellate review), the Maryland case would be here, "remain[ing] in the posture it was in" before the transfer order, with "all further proceedings in th[at] action merely [being] referred to … the transferee tribunal." 15 Fed. Prac. & Proc. Juris. § 3846; see also *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) ("The date the papers in the transferred case are docketed in the transferee court" is "the effective date that jurisdiction in the transferor court is terminated" and the transferee court obtains jurisdiction over the transferred case ). There is no place in the statutory transfer scheme for having a duplicative, nascent, second-filed case remain dormant here, and HSOne provides no sound explanation for it, in law or logic.

As both parties are proceeding in Maryland, Vyne is prepared to file a motion to dismiss this second-filed case, should HSOne not withdraw it under Rule 41(a).

ACTIVE 726068161v2

DATED:  July 10, 2026

<div style="margin-left: 50%;">

GREENBERG TRAURIG, LLP

*/s/ Michael Burshteyn*

_____

Michael Burshteyn
Jennifer Bartlett
Marcelo Barros
Garrett W. Messerly
Sydney Parks
*Counsel for Plaintiff, Henry Schein One, LLC*

SNELL & WILMER L.L.P.

*/s/ Bret Evans*

_____

Bret Evans
Amy Sorenson
*(Signed by Michael Burshteyn with permission of Bret Evans)*

HOLWELL SHUSTER & GOLDBERG LLP
Michael Shuster
Vincent Levy
Daniel Fahrenthold
Torrell Mills
*Counsel for Defendant, National Electronic Attachment, Inc., d/b/a Vyne Dental*

</div>

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, the foregoing Joint Status Report was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record appearing in this matter.

*/s/ Michael Burshteyn*

_____

Michael Burshteyn

ACTIVE 726068161v2