# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY SCHEIN ONE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL, <br><br> Defendant. | **ORDER DENYING MOTION TO RECONSIDER** <br><br> Case No. 2:25-cv-00883 <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

In late 2025, Plaintiff Henry Schein One, LLC ("HSO"), filed a Motion for Temporary Restraining Order and Preliminary Injunction.[1]  The Court denied that Motion without prejudice.[2]  HSO then filed a Motion for Reconsideration,[3] asking the Court to revisit that denial. Defendant National Electronic Attachment, Inc., doing business as Vyne Dental ("Vyne") filed an Opposition to the Motion for Reconsideration.[4]  HSO filed a Reply.[5]  The Motion for Reconsideration is ripe and will be discussed below, along with the parties' Joint Status Report.[6]

---

[1] ECF No. 14.

[2] ECF No. 18.

[3] ECF No. 20.

[4] ECF No. 31.

[5] ECF No. 39.

[6] ECF No. 47.

### I.    The Motion for Reconsideration is denied

The Court denies the Motion for Reconsideration because such motions are disfavored

and the ongoing litigation in the District of Maryland tends to counsel against this Court

exercising jurisdiction.  For twenty years, the Tenth Circuit has "admonished counsel that the

Federal Rules of Civil Procedure do not recognize th[e] [anomaly] known . . . as the 'motion to

reconsider' or 'motion for reconsideration.'"  *Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239,

1243 (10th Cir. 2007).  "Of course, a district court always has the inherent power to reconsider

its interlocutory rulings . . . where error is apparent." *Id.*  Here, HSO points to no such error.  As

to the earlier order, the Court clarifies only one thing: any attempt by HSO to pursue similar

claims simultaneously in two jurisdictions raises a number of concerns in addition to the first-to-

file rule, including those stated in Federal Rule of Civil Procedure 1, precedent addressing claim

splitting,[7] and the doctrine of judicial estoppel.[8]  The Court will not engage in detail with these

legal doctrines given they may have some bearing on matters in this case and the Court does not

wish to prejudge those issues.  Suffice it to say for present purposes, HSO may not engage in

litigation of its claims in two courts simultaneously.  In addition to this case, HSO is litigating

with Vyne in the District of Maryland[9] and HSO's Reply makes clear that it has now sought

---

[7] *See, e.g.*, *Katz v. Gerardi*, 655 F.3d 1212, 1218–19 (10th Cir. 2011) ("the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation").

[8] *See, e.g.*, *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) ("The purpose of judicial estoppel 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.... [and] to prevent improper use of judicial machinery.'") (alterations original).

[9] *National Electronic Attachment, Inc. v. Henry Schein One, LLC*, Case No. 1:25-cv-3246 (D. Md. 2025).

affirmative relief in counterclaims and a request for TRO from that court.[10]  Thus, the Motion for

Reconsideration is denied.

### II.    HSO's proposed course of action in its status report offers no administrative efficiencies

Turning to the remaining issues in this case, HSO suggests in its latest status report that

this case should remain open and stayed, despite what HSO characterizes as "parallel litigation"

in Maryland in which that Court has: "overseen two temporary restraining order hearings, three

days of evidentiary preliminary injunction hearings, and two additional hearings concerning the

preliminary injunctions and the other pending motions, including the [m]otion to [t]ransfer" that

HSO filed in Maryland but later withdrew.[11]  Notwithstanding the extensive efforts from our

sister court in Maryland, HSO wishes to maintain this case on this Court's docket because HSO

might later "seek transfer of the Maryland Action to this Court before trial."[12]  HSO offers no

reason that this case needs to be kept open in the event HSO might later seek to transfer a

different case.  To clarify the Court's administrative procedures, the existence of this case does

not make transfer of a case from another district any easier or more efficient.  With that

understanding, HSO should revisit the question of voluntary dismissal.  Otherwise, the Court will

allow Vyne to file its requested motion to dismiss.

### ORDER

Based on the foregoing, the Court denies HSO's Motion for Reconsideration.  (ECF No.

20)

---

[10] ECF No. 39 at 2.

[11] *See* ECF No. 47 at 2–4.

[12] *Id.* at 5.

It is FURTHER ORDERED that if this case is not voluntarily dismissed by July 27, 2026, Vyne may file a motion to dismiss the case, or any other appropriate motion.  The due date for Vyne's motion(s) is August 17, 2026.

DATED this 14th day of July 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge