Amy F. Sorenson (8947)
Bret R. Evans (15131)
SNELL & WILMER LLP
Salt Lake City, Utah 84101
Telephone: 801.257.1900
asorenson@swlaw.com
brevans@swlaw.com

Michael Shuster*
Vincent Levy*
Daniel Fahrenthold*
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: 646.837.5151
vlevy@hsgllp.com

*pro hac vice

Attorneys for Defendant National Electronic Attachment, Inc. d/b/a Vyne Dental

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **HENRY SCHEIN ONE, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL ELECTRONIC ATTACHMENT INC. d/b/a VYNE DENTAL**, a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-00883-AMA-JCB<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL**<br><br>District Judge Anne Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to DUCivR 7-1(a)(4)(D)(ii), Defendant National Electronic Attachment Inc. d/b/a Vyne Dental ("Vyne"), through counsel, hereby files its *Response in Opposition to Plaintiff's Motion for Leave to File Exhibit A to the Declaration of Jennifer Bartlett Under Seal*. Dkt. 48.

HSOne's motion seeks to seal portions of a transcript from a hearing held on April 14, 2026 in Maryland federal court. Dkt. 48. Although that court sealed the courtroom during portions of the three-day evidentiary hearing it held on the parties' cross-motions for preliminary-injunctive relief in February 2026, it did not seal the courtroom at any time during the oral-argument session held on April 14, 2026. The courtroom was thus open to the public. The court reporter finalized a transcript of the argument session the next day, April 15, with the relevant docket entry on the Maryland docket stating that the "[t]ranscript may be viewed at the court public terminal" in

1

Baltimore "or purchased through the Court Reporter before the deadline for Release of Transcript Restriction." Notice of Filing of Official Transcript, *Nat'l Elec. Attachment, Inc. v. Henry Schein One LLC*, No. 25-03246 (D. Md. Apr. 15, 2026), Dkt. No. 170 (hereinafter "Md. Dkt. 170"). Neither party has made a request for sealing or redaction in Maryland. Thus, ***an unredacted copy of the transcript is now available to the public on PACER***. Md. Dkt. 170.

The Court should deny HSOne's sealing request, a request so unusual it has drawn the attention of court watchers. *Courtroom Confidential: In Utah Henry Schein Asks Judge Allen to Hide an Open Court Transcript Because Maryland Is Far Away* (July 14, 2026), *available at* https://innercitypress.com/utd1sealingmddtanscripticp071426.html.

*First*, as the Court is aware, "[a] party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). HSOne does not try to and could not overcome that presumption, given that the record in question transcribes a public judicial hearing, and "[a] trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).

*Second*, HSOne cannot justify sealing based on "the Judicial Conference's standard 90-day restriction on remote public access." Dkt. 48 at 2. The policy itself states that "[n]othing in this policy changes any rules or policies with respect to sealing or redaction of court records for any other purpose" and "does not affect any court rules or ruling requiring the sealing of materials or the protection of sealed materials." Worse, the time to request redactions under that policy long lapsed[1]—and the 90-day restriction window itself expired on July 14, 2026. So, while the

---

[1] *See* Md. Dkt. 170 ("Redaction Request due 5/6/2026. Redacted Transcript Deadline set for 5/18/2026. Release of Transcript Restriction set for 7/14/2026.").

transcript was available for public review in Baltimore when HSOne moved to seal it, that same transcript is now available to anyone with a PACER account, as counsel confirmed yesterday.  *See* Md. Dkt. 170 (consisting of complete, unredacted, and publicly available version of the transcript).

*Third*, HSOne represents that "the sealing and confidentiality treatment of the hearing record it excerpts is the subject of disputes now pending before the Maryland court."  Dkt. 48 at 2.  That representation is incorrect.  There was never any such dispute.  Nor has there ever been a court order in Maryland (or elsewhere) sealing the transcript of the April 14 hearing.  Again, the transcript was available for public inspection in Maryland at the time HSOne sought its sealed treatment here, and no party appears to have sought any kind of sealing or redaction.

DATED:     July 24, 2026.

SNELL & WILMER LLP

HOLWELL SHUSTER & GOLDBERG LLP

    */s/ Vincent Levy*

Amy F. Sorenson
Bret R. Evans

Michael Shuster
Vincent Levy
Daniel Fahrenthold

*Attorneys for Defendant National Electronic Attachment, Inc., d/b/a Vyne Dental*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, the foregoing Response in Opposition to Plaintiff's Motion for Leave to File Exhibit A to the Declaration of Jennifer Bartlett Under Seal was filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record appearing in this matter.

_/s/ Vincent Levy_