Amy F. Sorenson (8947)
Bret R. Evans (15131)
SNELL & WILMER LLP
Salt Lake City, Utah 84101
Telephone: 801.257.1900
asorenson@swlaw.com
brevans@swlaw.com

Michael Shuster*
Vincent Levy*
Daniel Fahrenthold*
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: 646.837.5151
vlevy@hsgllp.com

**pro hac vice*

*Attorneys for National Electronic Attachment, Inc. d/b/a Vyne Dental*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **HENRY SCHEIN ONE, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL ELECTRONIC ATTACHMENT INC. d/b/a VYNE DENTAL**, a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-00883-AMA-JCB<br><br>**VYNE'S MOTION TO DISMISS AND FOR SANCTIONS**<br><br>District Judge Anne Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Defendant National Electronic Attachment Inc. d/b/a Vyne Dental ("Vyne"), through counsel, hereby moves to dismiss the Complaint of Plaintiff Henry Schein One LLC ("HSOne"), Utah Dkt. 1.[1] Vyne also moves for an order requiring HSOne's counsel to pay Vyne's counsel fees pursuant to 28 U.S.C. § 1927, for unreasonably and vexatiously multiplying proceedings.

[1] Citations to "Utah Dkt. __" refer to filings on this Court's docket. Citations to "Maryland Dkt. __" refer to filings in the case *Nat'l Elec. Attachment, Inc. v. Henry Schein One, LLC*, No. 1:25-cv-3246 (D. Md. Sep. 30, 2025).

# TABLE OF CONTENTS

BACKGROUND ........ 1

ARGUMENT ........ 5

I. The Complaint Should Be Dismissed. ........ 5

A. Every element of the first-to-file test favors dismissal. ........ 6

B. No equitable considerations make exercising jurisdiction warranted here. ........ 7

II. The Court Should Require HSOne To Pay Vyne's Fees For This Motion. ........ 10

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Baatz v. Colum. Gas Transmission, LLC*,
814 F.3d 785 (6th Cir. 2016) ... 5

*Baca v. Berry*,
806 F.3d 1262 (10th Cir. 2015) ... 11, 13, 14

*Braley v. Campbell*,
832 F.2d 1504 (10th Cir. 1987) ... 10, 11

*Cedars-Sinai Med. Ctr. v. Shalala*,
125 F.3d 765 (9th Cir. 1997) ... 5

*Coleman v. Oasis Outsourcing, Inc.*,
779 F. App'x 649 (11th Cir. 2019) ... 12

*David P. v. United Healthcare Ins. Co.*,
2020 WL 607620 (D. Utah Feb. 7, 2020) ... 5

*Flowers v. Here to Serve Restaurants, Inc.*,
2016 WL 8792243 (N.D. Ga. Mar. 29, 2016) ... 12

*Frey v. Town of Jackson*,
41 F.4th 1223 (10th Cir. 2022) ... 13, 14

*Hamilton v. Boise Cascade Exp.*,
519 F.3d 1197 (10th Cir. 2008) ... 11

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*,
296 F.3d 982 (10th Cir. 2002) ... 9

*Hospah Coal Co. v. Chaco Energy Co.*,
673 F.2d 1161 (10th Cir. 1982) ... 5, 9

*In re TCI Ltd.*,
769 F.2d 441 (7th Cir. 1985) ... 10

*Katz v. Gerardi*,
655 F.3d 1212 (10th Cir. 2011) ... 9, 10

*Michael W. v. United Behavioral Health*,
420 Supp. 3d 1207 (D. Utah 2019) ... 6, 8

*Mike Ferry Org. v. Bit Gooey, Inc.*,
2021 WL 12318678 (D. Utah Aug. 30, 2021) ... 12

*O'Rourke v. Dominion Voting Sys., Inc.*,
2022 WL 17588344 (10th Cir. Dec. 13, 2022) ........ 11

*Obeslo v. Empower Cap. Mgmt., LLC*,
85 F.4th 991 (10th Cir. 2023) ........ 11

*Peterson v. BMI Refractories*,
124 F.3d 1386 (11th Cir. 1997) ........ 14

*Philhower v. Express Recovery Servs. Inc.*,
2014 WL 1648724 (D. Utah Apr. 23, 2014) ........ 12

*Roth v. Green*,
466 F.3d 1179 (10th Cir. 2006) ........ 12

*Salvin v. Am. Nat. Ins. Co.*,
281 F. App'x 222 (4th Cir. 2008) ........ 12

*Shannon's Rainbow, LLC v. Supernova Media, Inc.*,
683 F. Supp. 2d 1261 (D. Utah 2010) ........ 7

*Smith v. Wyndham Vacation Ownership, Inc.*,
2025 WL 1769695 (D. Utah June 26, 2025) ........ 12

*Span-Eng Assocs. v. Weidner*,
771 F.2d 464 (10th Cir. 1985) ........ 8

*Steinert v. Winn Grp., Inc.*,
440 F.3d 1214 (10th Cir. 2006) ........ 11

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*,
910 F.3d 1118 (10th Cir. 2018) ........ 5, 6, 7

*Wallace B. Roderick Rev. Living Trust v. XTO Energy, Inc.*,
679 F. Supp. 2d 1287 (D. Kansas 2010) ........ 5

*Walton v. Eaton Corp.*,
563 F.2d 66 (3d Cir. 1977) ........ 9

*Wyles v. Sussman*,
661 F. App'x 548 (10th Cir. 2016) ........ 9

**Statutes**

28 U.S.C. § 1927 ........ 10

**Other Authorities**

15 Fed. Prac. & Proc. Juris. §§ 3844, 3846 ........ 9

HSOne filed this action after Vyne filed a case in the District of Maryland arising from the same set of facts, clearly implicating the first-to-file rule, as this Court has observed in several orders. Only weeks later, HSOne decided to bring its claims as counterclaims in the District of Maryland and sought the same injunctive relief there as it had sought here. There is no question that HSOne is pursuing the same claims in Maryland district court as it initially brought here; HSOne openly admits it is pursuing "parallel litigation." Utah Dkt. 50 ("Reconsideration Order") at 3. And HSOne later abandoned its effort to secure a transfer of Vyne's Maryland action to Utah. Still, HSOne has refused to dismiss this duplicative action voluntarily, necessitating this motion.

**BACKGROUND**

On September 30, 2025, Vyne sued HSOne in the U.S. District Court for the District of Maryland, alleging, in principal part, that HSOne engaged in unfair competition against Vyne, including by making misrepresentations to the parties' mutual customers about Vyne's products, and interfering with Vyne's products in violation of tort law and the 21st Century Cures Act. *See* Maryland Dkt. 1. Two days later, Vyne moved for a temporary restraining order and preliminary injunction in Maryland. *See* Maryland Dkt. 6.

The next day, on October 3, 2025, HSOne filed this action in this Court, alleging that it was not Vyne that was interfering with HSOne's products and customers, but rather that the reverse was true. *See* Utah Dkt. 1. On October 8, 2025, HSOne moved for a temporary restraining order and a preliminary injunction on all its claims. *See* Utah Dkt. 14.

The same day, October 8, this Court *sua sponte* denied HSOne's TRO application, observing that "the Tenth Circuit follows the first-to-file rule . . . . Here, the Maryland suit was filed three days before this suit, the case involves the exact same parties, and appears to address the same subject matter (namely Vyne's interaction with HSO's software). Accordingly, the first-

to-file rule appears to apply and counsels against this Court exercising jurisdiction in this matter." Utah Dkt. 18 ("TRO Order") at 2.

HSOne immediately moved for reconsideration, alleging that "the Court's application of the first-to-file rule [was] misplaced," and that "[r]econsideration is warranted when the court has misapprehended the facts, a party's position, or the controlling law." *See* Utah Dkt. 20 ("HSOne Reconsideration Mot.") at 2, 5. Vyne opposed, explaining that the Court correctly applied the first-to-file rule in denying HSOne's motion for a temporary restraining order and that there were no intervening circumstances nor clear error that justified reconsideration. *See* Utah Dkt. 31 at 4–5.

In the meantime, HSOne filed a motion in the District of Maryland to transfer Vyne's case from that court to this Court. *See* Maryland Dkt. 35. On October 23, 2025, the Maryland Court held a hearing on Vyne's temporary restraining order and preliminary injunction motions. *See* Maryland Dkt. 47. Barely an hour before that hearing, HSOne filed its Utah complaint as counterclaims in the Maryland action, and also filed a duplicate of its motion for a temporary restraining order and preliminary injunction. *See* Maryland Dkts. 45–46. At the hearing, HSOne's counsel stated that "Vyne rushed into this [Maryland] court to forum shop," that "HSOne is okay if the Court wants to move everything to Utah," and that while "Henry Schein One tried to stave off filing [its own TRO] here, we didn't really have a chance." Maryland Dkt. 50 at 4:7–6:10. Counsel also stated that "we have a reconsideration motion going in Utah. We'll emergency appeal that up to the Tenth Circuit if it's denied." *Id.* at 80:7–80:11.

On November 10, 2025, the Court *sua sponte* stayed this case pending resolution of the motion to transfer that HSOne had filed in the District of Maryland. *See* Utah Dkt. 41. Later, this Court ordered the parties to "submit a status report notifying the court of any ruling on the Motion

to Transfer that is pending in the parties' litigation in the United States District Court for the District Court of Maryland," and directed that, "[i]f that motion has not been resolved by July 10, 2026, the parties shall submit a status report by that date notifying the court of the status of the District of Maryland litigation." Utah Dkt. 46.

Over the following months, the Maryland Court held several hearings on the parties' respective motions for preliminary relief, including a multi-day evidentiary hearing in February. *See* Maryland Dkts. 73, 125–27, 158. The Maryland Court then scheduled a hearing on April 14, 2026 for the parties to present oral argument on their motions for preliminary injunctive relief, the motions to dismiss, and HSOne's transfer motion. *See* Maryland Dkt. 169. At that hearing, HSOne's counsel orally withdrew its transfer motion, saying merely that "circumstances ha[d] changed." *See* Maryland Dkt. 170 at 54:21-56:9 (D. Md. Apr. 15, 2026) (Counsel: "We are withdrawing the motion [to transfer] . . . ." The Court: "[D]id Vyne know that you were going to take this position?" Counsel: "No. . . [t]he decision was not made up until a few moments ago."). HSOne has taken the position that HSOne's withdrawal is without prejudice to renewing it at the time of trial. Utah Dkt. 47 ("July Status Report") at 4–5.

Following HSOne's withdrawal of its transfer motion, and consistent with this Court's mandate that the parties "submit a status report notifying the court of any ruling on the Motion to Transfer," Utah Dkt. 46, counsel for Vyne emailed counsel for HSOne to confirm that they would withdraw this duplicative case, and if not to coordinate on the filing of a joint status report to this Court. *See* Ex. A. HSOne's counsel ignored multiple emails over the course of two months. *Id.*

On July 7, 2026, a few days before this Court's deadline for submitting the status report (and nearly two months after HSOne withdrew its transfer motion), HSOne shared a draft of its

joint status report with Vyne. *See* Ex. A. Vyne provided its position to HSOne, and HSOne made the joint filing on July 10, 2026. *See* July Status Report.

Thereafter, on July 15, 2026, this Court denied HSOne's Motion for Reconsideration, explaining that HSOne identified no "apparent error" in the Court's earlier denial of the TRO motion. Reconsideration Order at 2. The Court further observed that "any attempt by HSO to pursue similar claims simultaneously in two jurisdictions raises a number of concerns in addition to the first-to-file rule, including those stated in Federal Rule of Civil Procedure 1, precedent addressing claim splitting, and the doctrine of judicial estoppel." *Id.* As a result, the Court added that "HSO may not engage in litigation of its claims in two courts simultaneously." *Id.* The Court therefore encouraged HSOne to "revisit the question of voluntary dismissal" and ordered that, "[i]f the case is not voluntarily dismissed by July 27, 2026, Vyne may file a motion to dismiss the case, or any other appropriate motion." *Id.* at 4. HSOne took no action in response.

On July 31, 2026, the Maryland Court issued a decision on the parties' motions to dismiss and motions for preliminary relief. *See* Maryland Dkts. 189–90. On the pleadings, the court sustained all of Vyne's claims and some of HSOne's, and denied HSOne's motion to dismiss Vyne's Maryland complaint for improper venue. Maryland Dkt. 189. The court also entered preliminary injunctions against both Vyne and HSOne, *id.*, and scheduled a further hearing on the bond amount that should be entered. Vyne has moved for a stay of the injunction against it, and filed a notice of appeal to the U.S. Court of Appeals for the Fourth Circuit. Meanwhile, the parties are scheduled to answer each other's pleadings by August 28, and the case will then proceed to merits discovery.

## ARGUMENT

### I. The Complaint Should Be Dismissed.

This Court should dismiss the case without prejudice under the first-to-file rule. As the Tenth Circuit has explained, when "two federal suits are pending" simultaneously, the district court "should apply the first-to-file rule" to determine whether exercising jurisdiction over the case before it is appropriate. *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). "Under this rule, courts consider three factors: '(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'" *Id.* (quoting *Baatz v. Colum. Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)). The first-to-file rule reflects the Tenth Circuit's longstanding rule that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).

"If the court in the second-filed case decides the proper course is to abstain under the first-to-file rule, it may stay the case, transfer it to the first filed court, or, in rare cases, dismiss the case entirely." *David P. v. United Healthcare Ins. Co.*, 2020 WL 607620, at *9 (D. Utah Feb. 7, 2020) (citation omitted); *accord Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) ("[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."). This is one such "rare" case where dismissal is appropriate, and as such this Court should dismiss HSOne's complaint. *Wallace B. Roderick Rev. Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1299 (D. Kansas 2010) (dismissing, rather than transferring, essentially duplicate claims when the first-filed action was well "ahead of the present litigation").

The application of the first-to-file rule in this case could not be more straightforward. Vyne filed first, and HSOne's initial complaint in this Court was against the same party and brought very similar claims to Vyne's arising from the same core facts. As the Court observed in early October, that already made this case suspect. But HSOne's choice to refile the same complaint in Maryland as counterclaims against Vyne only made this even more obvious; the parties, issues, and claims are not just similar, but identical, and HSOne has now made an affirmative decision to pursue all its claims in Maryland district court rather than this one (given that it asked this Court to stay the case in the prior status report). This Court has no obligation to entertain HSOne's attempts at parallel litigation and should decline to exercise jurisdiction.[2]

**A. Every element of the first-to-file test favors dismissal.**

*Chronology*. Determining "the chronology of events typically requires only a comparison of the two filing dates." *Wakaya*, 910 F.3d at 1124. The rule has particular force when both cases are in federal court, and applies "regardless of how many days separate the filings." *Id.* at 1124–25 nn.4 & 5. HSOne admits that "Vyne technically filed first," HSOne Reconsideration Mot. at 4, and the Court came to the same conclusion, noting "the Maryland suit was filed three days before this suit." TRO Order at 2. The chronology favors Vyne.

[2] Given the clarity of the issue and this Court's previous orders, Vyne has focused its briefing on the first-to-file rule. In the event this Court finds that it is nonetheless appropriate to exercise jurisdiction over HSOne's complaint, Vyne respectfully reserves the right to move to dismiss the complaint under Federal Rule of Civil Procedure 12. Vyne observes that it already moved to dismiss HSOne's duplicative complaint in Maryland, and the Maryland Court issued a ruling dismissing it in part. *See* Maryland Dkts. 189–190. For Vyne to move to dismiss under Rule 12(b)(6) in this Court would create the exact situation the first-to-file rule is intended to avoid: wasteful motion practice and a ruling on HSOne's complaint that may well be inconsistent with the Maryland Court's. *Michael W. v. United Behavioral Health*, 420 Supp. 3d 1207, 1230–31 (D. Utah 2019) (noting "the interest in avoiding piecemeal litigation" when considering application of the first-to-file rule).

*Similarity of parties*. This element favors Vyne as well. The cases "involve[] the exact same parties." *Id.* HSOne has never disputed this. *See* HSOne Reconsideration Mot. at 7 (HSOne admitting "the parties are the same").

*Similarity of issues and claims*. At the time of its reconsideration motion, HSOne tried to draw a distinction between its claims in Utah and Vyne's suit in Maryland, despite both concerning the same core facts. HSOne Reconsideration Mot. at 6–8. This distinction was strained then, but it was erased when HSOne filed counterclaims in Maryland citing the same operative facts and bringing *all* the same claims. *Compare* Utah Dkt. 1 at ¶¶ 70–151 (invoking Computer Fraud and Abuse Act, Digital Millennium Copyright Act, unfair competition, tortious interference, trespass to chattels, unjust enrichment, Utah Truth in Advertising and Deceptive Trade Practices Act, Lanham Act, business libel and common law defamation, Electronic Communications Privacy Act, and Utah Interception of Communications Act), *with* Maryland Dkt. 45 at ¶¶ 75–156 (same).

More recently, HSOne has referred to its two lawsuits as "parallel litigation," and has offered no argument at all for how any of the first-to-file factors tilts in its favor. July Status Report at 3–4. HSOne has made very plain that it knows the issues and claims are the same in both cases. *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1279 (D. Utah 2010) (enjoining pursuit of second-filed action based on "Defendants' admission that 'an action concerning these events is already pending in the Southern District of New York'" because it "indicate[d] to the Court that they believe the parties and events are similar").

**B. No equitable considerations make exercising jurisdiction warranted here.**

The Tenth Circuit has left open the possibility that exercising the first-to-file rule may be inappropriate in some cases based on the "equitable considerations" at play. *Wakaya*, 910 F.3d at 1127. In the Reconsideration Motion, HSOne claimed it should keep its Utah case because Vyne

had engaged in forum shopping. HSOne Reconsideration Mot. at 8–10; *see also* July Status Report at 4 (claiming "egregious forum shopping"). That claim was factually baseless, as Vyne has already explained, *see* Utah Dkt. 31 at 8–10, and as the Maryland Court confirmed when it denied HSOne's motion to dismiss Vyne's complaint for improper venue there. Maryland Dkt. 189 at 22–24. Meanwhile, HSOne has never offered a rationale sufficient to displace Vyne's right as plaintiff "to file a lawsuit in the forum of its choosing so long as the suit meets jurisdictional and venue requirements." *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985). HSOne has also gestured vaguely to relative convenience of a suit in Utah, apparently believing that Vyne is deprived of its choice of venue because "Vyne has an office in Utah." July Status Report at 3.

Although the "balance of convenience" is one factor courts may consider when applying the first-to-file rule, *Michael W.*, 420 F. Supp. 3d at 1230, it does not favor exercising jurisdiction here. It is not even disputed; HSOne admits that "the posture of the case ha[s] changed," because it chose to file its claims and seek injunctive relief in Maryland, and that therefore "allowing the case to continue in Maryland during this injunctive stage would conserve the parties' and judicial resources." July Status Report at 3–4. HSOne made the conscious and voluntary choice to litigate in Maryland by bringing its counterclaims and motion for injunctive relief there, *see* Maryland Dkt. 45–46, and indeed obtained partial relief there (subject to Vyne's appeal). HSOne cannot now complain of some perceived unfairness of having to litigate in Maryland—especially where it does not propose to move the case forward here, either.

To the contrary, HSOne has asked this Court to keep this case stayed on its docket until such time as it may decide to seek to litigate here instead, by filing a transfer motion in Maryland closer to trial, perhaps months or years from now. July Status Report at 3–4. HSOne's position that this would facilitate a later potential transfer is nonsensical. As the Court has explained, there

is "no reason that this case needs to be kept open in the event HSO might later seek to transfer a different case," because the "existence of this case does not make transfer of a case from another district any easier or more efficient." Reconsideration Order at 3. A transfer motion, if it were ever granted, would move the Maryland case here—but it would not somehow revive a preexisting complaint in Utah that has never moved past the pleading stage. *See, e.g.*, 15 Fed. Prac. & Proc. Juris. §§ 3844, 3846; July Status Report at 6. And even if there were a future potential benefit, "[i]t is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). HSOne's contrived claims of administrative efficiencies offer no reason to overcome the first-to-file rule. *See Hospah Coal*, 673 F.2d at 1163–64 (vacating injunction because "[Plaintiffs] chose to totally ignore the requirements of [F.R.C.P. 12(b)(3)] and failed to avail themselves of the procedures outlined in [§ 1404(a)]. Instead, they went directly to the New Mexico court and asked for an injunction.").

The equities thus squarely support dismissing this case. As the Court explained, HSOne is engaging in claim splitting, pursuing its claims in both Utah and Maryland at the same time, wasting this Court's and Vyne's resources. Reconsideration Order at 2. It is well-established that "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (affirming dismissal of claims when "the court concluded [party] had improperly split its claims between this case and its action already pending in the District of Colorado"); *Wyles v. Sussman*, 661 F. App'x 548, 551 (10th Cir. 2016) ("Enforcing the claim-splitting rule is one way a federal court avoids duplicative litigation."). The test is "whether the first suit, assuming it were final, would preclude the second suit." *Katz*, 655

F.3d at 1218. Again, HSOne's two complaints are *identical*; it is beyond question that HSOne could not pursue its identical complaint in both Maryland and Utah. *Id.* at 1219 (affirming dismissal where plaintiff "assert[ed] the same securities law claims under the 1933 and 1934 Acts that it asserts here" and "essentially admits to claim splitting with this case").

Moreover, HSOne has shown a willingness to adopt or abandon its positions at will in both this Court and in Maryland—exactly the sort of conduct that warrants judicial estoppel. *See* Reconsideration Order at 2. For example, in October HSOne made the absurd claim to this Court that application of the first-to-file rule would leave it with "no forum where it can seek relief." HSOne Reconsideration Mot. at 11. Two weeks later, it filed its entire case in Maryland. Maryland Dkt. 45. Even now, HSOne continues to assert that it should be entitled to pursue this case because Utah is the more convenient forum while *in the same filing* conceding that the Maryland Court is "best positioned" to hear the parties' dispute. July Status Report at 3–4.

HSOne "may not engage in litigation of its claims in two courts simultaneously." Reconsideration Order at 2. The Court should dismiss this case.

## II. The Court Should Require HSOne To Pay Vyne's Fees For This Motion.

In addition to dismissing this case, in this unusual case, the Court should also order HSOne's counsel to pay Vyne's fees for this motion as a sanction for "unreasonably and vexatiously" multiplying proceedings. 28 U.S.C. § 1927.

**A.** "Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care." *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (en banc) (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)). Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

of such conduct." The Tenth Circuit has held that such "fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley*, 832 F.2d at 1512. Because this standard is objective, "sanctions under § 1927 do not require a finding of subjective bad faith." *Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1005 (10th Cir. 2023). Importantly, "sanctions are not reserved for the worst offenders. This is particularly true of sanctions under § 1927, which . . . are levied to compensate the victims of dilatory practices, not as a means of punishment." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1203 (10th Cir. 2008).

Under § 1927, attorneys should "regularly re-evaluate the merits of their claims and . . . avoid prolonging meritless claims." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006). Thus, "an attorney's failure to act could be objectively unreasonable and vexatious and multiply the proceedings in a case by causing the opposing party to file motions to compel action." *Baca v. Berry*, 806 F.3d 1262, 1278 (10th Cir. 2015). So, "in a meritless case, protracted failure to do anything but dismiss the case . . . might be sanctionable," as long as, "[w]hen new information appears to make it objectively unreasonable to pursue a case, an attorney [has] at least some time—surely a day or two—to study that information and make a decision regarding its impact before failing to drop the case becomes sanctionable unreasonable pursuit." *Id.*

Consider *O'Rourke v. Dominion Voting Sys., Inc.*, 2022 WL 17588344 (10th Cir. Dec. 13, 2022). There, a jurisdictional defect in the plaintiff's claims against certain defendants was "obvious." *Id.* at *5. Thus, "it was not an abuse of discretion for the district court to conclude that the Attorneys unreasonably and vexatiously multiplied the proceedings by failing to dismiss the claims against" those defendants before continuing to name them in the litigation. *Id.* In another case addressing Rule 11 sanctions, the Tenth Circuit found that "upon receiving notice of" a clearly

contrary decision, plaintiff's counsel "should have voluntarily dismissed the complaint" and "it was unreasonable, and a violation of his obligations as a licensed attorney, to continue to pursue the claims after" that decision. *Roth v. Green*, 466 F.3d 1179, 1189 (10th Cir. 2006).

Similarly, in *Smith v. Wyndham Vacation Ownership, Inc.*, plaintiff's counsel refused to withdraw a meritless motion after defendant's counsel "summarized the motion's frivolity" and "informed counsel that withdrawal was necessary to avoid sanctions" in an email. 2025 WL 1769695 at *2 (D. Utah June 26, 2025). Three days later, defendant's counsel served its sanctions motion on plaintiff's counsel; roughly two weeks later, plaintiff's counsel belatedly withdrew its frivolous motion. *Id.* at *3. Regardless, because defendant's counsel was already forced to draft a response brief, the court issued sanctions under § 1927 and required plaintiff's counsel to pay the "cost, expenses, and fees incurred in preparing Defendant's Sanctions Motion" and its response to the meritless motion. *Id.* at *6.

*Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222 (4th Cir. 2008), is also instructive. There, after deposition testimony revealed that the plaintiff could not support her claims and the defendant asked for voluntary dismissal, the plaintiff refused. Sanctions issued after the defendant was forced to file a motion for summary judgment. *Id.* at 223. Another court issued § 1927 sanctions after the defendant put the plaintiff on notice that its claims were patently frivolous, yet the plaintiff refused to voluntarily dismiss the case, forcing the defendant to file a successful motion to dismiss. *Flowers v. Here to Serve Restaurants, Inc.*, 2016 WL 8792243, at *2–3 (N.D. Ga. Mar. 29, 2016), *aff'd sub nom. Coleman v. Oasis Outsourcing, Inc.*, 779 F. App'x 649 (11th Cir. 2019).[3]

---

[3] Courts often do not issue sanctions when litigants promptly withdraw frivolous filings and avoid the need for motion practice. *See, e.g.*, *Mike Ferry Org. v. Bit Gooey, Inc.*, 2021 WL 12318678, at *5 (D. Utah Aug. 30, 2021) (denying sanctions where the plaintiff "promptly withdrew" a frivolous TRO motion); *Philhower v. Express Recovery Servs. Inc.*, 2014 WL 1648724, at *2 (D. Utah Apr. 23, 2014) (denying sanctions where the plaintiff and her attorney

Although *Baca v. Berry* came out the other way, it is also instructive. 806 F.3d 1262 (10th Cir. 2015). There, the court overturned § 1927 sanctions on the ground that the district court allowed the plaintiffs and their counsel less than a day to withdraw their meritless claims. The court went on to note that:

> [L]awyers and litigants generally should have some reasonable leeway to review ostensibly damaging materials, even if the materials are, ultimately, the last straw proving their case's weakness. But they should keep in mind that this time is not unlimited. The necessary time will of course be case-specific and largely within the discretion of the district court.

*Id.* at 1278-79. The *Baca* court noted that relevant factors in determining the extent of "reasonable leeway . . . would include the strength of the underlying case and the nature of the new developments affecting the objective reasonableness of further pursuing the case." *Id.* at 1279.

**B.** As the foregoing cases confirm, in this unusual case, it is appropriate to issue sanctions under Section 1927. HSOne was given the luxury of repeated warnings from this Court that it was improperly pursuing duplicative litigation. Under these circumstances—where the Court has undertaken to explain the law to HSOne on multiple occasions, while HSOne has shown only indifference towards complying with its obligations—there can be no doubt that sanctions are appropriate. *Frey v. Town of Jackson*, 41 F.4th 1223, 1245 (10th Cir. 2022) (sanctions affirmed where "the district court's order dismissing Plaintiff's original complaint identified the deficiencies in the legal theories underlying Plaintiff's claims" and the plaintiff "unreasonably continued to pursue those theories").

The chronology here is clear. On October 8, 2025, this Court found that "the first-to-file rule appears to apply and counsels against this Court exercising jurisdiction in this matter." TRO

---

"acquiesced to [the] first and only attempt to eliminate the claim," thus fulfilling the "obligation under § 1927 to constantly reassess the merits of their claims") (cleaned up). Unfortunately, that did not happen here.

Order at 2. Out of an abundance of caution, however, the Court found it "premature to decline jurisdiction entirely," and determined that proceedings might continue here "in the event the District of Maryland determines it cannot, or will not, exercise jurisdiction in the action before that Court." *Id.* Yet, after this point, several events gave HSOne notice that the Maryland Court was indeed exercising jurisdiction over the claims at issue here:

- On October 23, 2025, HSOne filed the same claims as are in its complaint here in Maryland federal court, and a duplicative motion for injunctive relief, *see* Maryland Dkts. 45–46, which HSOne proceeded to prosecute over the course of multiple hearings.
- On April 14, 2026, HSOne withdrew its Maryland motion to transfer, stating that "the [Maryland] Court is the most well-educated at this point on this matter . . . and I think, you know, the hearing today already evidences that." Maryland Dkt. 170 at 55:5–17.
- On July 15, 2026, this Court denied HSOne's Reconsideration Motion, holding that "HSO may not engage in litigation of its claims in two courts simultaneously." Reconsideration Order at 2. The Court also explained why HSOne's rationale for keeping this duplicative action open did not hold water, as "the existence of this case does not make transfer of a case from another district any easier or more efficient," Reconsideration Order at 3, and gave HSOne until July 27 to withdraw this action.
- On July 31, 2026, the Maryland Court denied HSOne's Motion to Dismiss for Improper Venue. *See* Maryland Dkt. 189 at 21–24.

The decision of HSOne and its counsel to ignore the Court's repeated comments and refuse to withdraw this case voluntarily is precisely the unusual sort of situation warranting sanctions.

That being the case, it is appropriate to impose fees and costs as a sanction, including at minimum the costs of preparing the instant motion. To award fees under § 1927, "there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings, such that the conduct resulted in proceedings that would not have been conducted otherwise." *Baca*, 806 F.3d at 1268 (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)) (cleaned up). Here, the failure to voluntarily dismiss the case has required Vyne to expand resources on at least the preparation of a motion to dismiss—which should have been completely unnecessary. *Accord Frey*, 41 F.4th at 1246 (endorsing district court's decision to

"order[] Plaintiff's counsel to pay only the [] Defendants' reasonable attorney's fees incurred by opposing the motion for leave to amend and moving for sanctions").

## CONCLUSION

The Court should dismiss HSOne's complaint. It should also require HSOne's counsel to pay Vyne's fees pursuant to 28 U.S.C. § 1927.

DATED: August 17, 2026.

| | |
|---|---|
| **SNELL & WILMER LLP** | **HOLWELL SHUSTER & GOLDBERG LLP** |
| | */s/ Vincent Levy* |
| Amy F. Sorenson | Michael Shuster |
| Bret R. Evans | Vincent Levy |
| | Daniel Fahrenthold |

*Attorneys for Defendant National Electronic Attachment, Inc., d/b/a Vyne Dental*