Michael Burshteyn (*pro hac vice*)
**BURSHTEYN POLIN LLP**
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
mike@burshteynpolin.com

Jennifer Bartlett (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Michael.Burshteyn@gtlaw.com
Jennifer.Bartlett@gtlaw.com

Garrett W. Messerly (Utah SBN 15678)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Garrett.Messerly@gtlaw.com

Sydney Parks (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212.801.9200
Sydney.Parks@gtlaw.com

*Counsel for Plaintiff Henry Schein One, LLC*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **HENRY SCHEIN ONE, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL**, a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-00883-AMA-JCB<br><br>**PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Henry Schein One, LLC ("HSOne") files this motion for clarification of a Modification of Docket entry dated August 18, 2026, to determine whether HSOne is entitled to a response to each of Vyne's motions filed on August 17, 2026 or is limited to one response of ten pages. HSOne respectfully states as follows:

On July 15, 2026, the Court denied HSOne's motion to reconsider and ordered that if this case was not voluntarily dismissed by July 27, 2026, Vyne may file a motion to dismiss or any other appropriate order. (ECF No. 50.)

On August 17, 2026, Vyne filed a combined motion to dismiss and for sanctions. (ECF No. 53.)

Vyne expressly noted that its motion was based on the first-to-file rule but reserved the right to move to dismiss the complaint under Federal Rule of Civil Procedure 12. (Motion at n.2.)

Vyne in other words did not move to dismiss under Rule 12, or any of the other type of motions listed in DUCivR 7.1(a)(4)(A).

Vyne's motion was therefore limited to 10 pages pursuant to DUCivR 7.1(a)(4)(D). Vyne's motion was over 14 pages.

On August 18, 2026, a Modification of Docket was entered "re [53] Motion. Error: The fil[]ing suggests two motions. Correction: Event Motion for Sanctions added, docket text modified to reflect additional motion. No further action needed."

HSOne respectfully requests clarification to determine whether it is limited to one 10-page response to Vyne's motion or if it is entitled to two separate responses to respond to Vyne's motion to dismiss on the one hand and motion for sanctions on the other.

DATED: August 26, 2026.

Respectfully submitted,

*/s/ Jennifer Bartlett*
Jennifer Bartlett
Greenberg Traurig, LLP
*Counsel for Plaintiff Henry Schein One, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, the foregoing was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record appearing in this matter.

*/s/ Jennifer Bartlett*
Jennifer Bartlett