**BURSHTEYN POLIN LLP**

Michael Burshteyn (*pro hac vice*)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
mike@burshteynpolin.com

**GREENBERG TRAURIG, LLP**

Jennifer Bartlett (*pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Marcelo.Barros@gtlaw.com
Jennifer.Bartlett@gtlaw.com

Garrett W. Messerly (Utah SBN 15678)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Garrett.Messerly@gtlaw.com

*Attorneys for Plaintiff, Henry Schein One, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **HENRY SCHEIN ONE, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL ELECTRONIC ATTACHMENT, INC. d/b/a VYNE DENTAL**, a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-00883-AMA-JCB<br><br>**HENRY SCHEIN ONE'S OPPOSITION TO VYNE'S MOTION TO DISMISS AND FOR SANCTIONS**<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

## INTRODUCTION

When Plaintiff Henry Schein One, LLC ("HSOne") sought to transfer the action in District of Maryland (after Defendant National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne") raced there to forum-shop for a Fourth Circuit ruling that District of Maryland Judge Matthew J. Maddox has already observed is inapposite), Vyne responded with the following argument: the transfer, if at all, should happen closer to trial.

Then Judge Maddox held a multi-day evidentiary hearing on the parties' preliminary injunction requests, reviewed hundreds of pages of briefs, and held multiple oral arguments. He ultimately found that HSOne was likely to succeed showing that Vyne violated the Computer Fraud and Abuse Act ("CFAA") when it misappropriated the encryption keys (among other things) to HSOne's cloud-connected Dentrix software. He also enjoined HSOne from interfering with what Vyne calls a printer driver, something HSOne was already doing. After Judge Maddox enjoined Vyne from writing back into HSOne's Dentrix database due to the significant harm that has already caused and risks causing, HSOne's investigation uncovered that Vyne began attempting a workaround to violate the injunction. (*See Nat'l Elec. Attachment, Inc. v. Henry Schein One,* LLC, No. 1:25-cv-03246-MJM (D. Md.) ("Maryland Action"), ECF Nos. 189, 190, 193, 195, 201, 203.) That is now before the Court in Maryland.

Because of the complexity of the issues and the anticipated need for Judge Maddox to enforce his injunction, HSOne adopted Vyne's position that transfer, if at all, should happen closer to trial. Until then, HSOne agrees that Judge Maddox is best served to oversee the proceedings. It is unfortunate that two Utah companies are litigating in Maryland a dispute that should be in this Court, for no other reason than Vyne's anticipatory filing and forum shopping. But that is the

situation.

The equities foreclose dismissal on the merits. Vyne created this two-forum posture through anticipatory filing and forum shopping, and the fuller record bearing on that conduct was later developed in Maryland. This Court has not yet had occasion to consider that record. Now, based on Vyne's own argument, HSOne argues that the case here should be stayed rather than dismissed pending the Maryland Action. Vyne disagrees, and brings its Motion to Dismiss and for Sanctions (the "Motion" or "Mot.") which seeks dismissal as well as sanctions while violating this Court's rules on page limits. Section 1927 is notably "an extreme standard," strictly construed so as not to "dampen[] the legitimate zeal of an attorney in representing his client." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (citation omitted).

In any event, Vyne's substantive arguments fail. Vyne falsely characterizes Judge Maddox's rulings as rejecting the forum-shopping theory—not so. His ruling that venue was not improper was based on a different standard. Vyne's own authorities show that dismissal is not the default, and this case should be stayed pending the Maryland Action. This maintains the status quo and is Vyne's position in Maryland: that the transfer, if at all, should occur closer to trial.

## FACTUAL BACKGROUND

After Vyne refused to stop hacking HSOne's systems, HSOne sent a letter on August 26, 2025 demanding Vyne stop. (HSOne Motion for Reconsideration (ECF No. 20) ("Reconsideration Mot.") at 4.) The Parties then negotiated a tolling agreement with exclusive venue in Utah. (*Id.*) HSOne signed the agreement. But Vyne never returned a signed copy, and instead raced to file a complaint in Maryland on September 30, 2025. (*Id.*) HSOne filed this action three days later on October 3, 2025, moving for a temporary restraining order ("TRO") and preliminary injunction

("PI") shortly thereafter. (*Id.*; ECF Nos. 1, 14.)

On October 8, 2025, the Court denied HSOne's TRO and PI application, observing that the first-to-file rule "appears to apply" but finding it "premature to decline jurisdiction entirely" where the Maryland court had not made a jurisdictional determination. (Order (ECF No. 18) at 2.) HSOne moved for reconsideration. (ECF 20.) While reconsideration was pending, HSOne filed a motion to transfer the Maryland case to Utah. (Maryland Action ECF No. 35.) Given that HSOne's request for injunctive relief was pending reconsideration in this Court, HSOne filed counterclaims and a motion for TRO and PI in Maryland to preserve its rights and seek relief from Vyne's hacking. (Maryland Action ECF Nos. 35, 45, 46-1.)

The Maryland court held multiple hearings, including a three-day evidentiary hearing on the parties' cross motions for injunctive relief. (*See* Joint Status Report (ECF 47) at 4.) HSOne withdrew without prejudice its transfer motion on April 14, 2026 because the case posture had changed with Judge Maddox hearing evidence and preparing to issue an injunction that would require compliance monitoring. (*Id.* at 3–4.) This was consistent with Vyne's position, where it argued that transfer motions are premature at the beginning of a case and are "best considered closer to trial because the question is what are the issues that will be addressed at trial, who are the relevant witnesses and the relevant relative conveniences." (Maryland Action 10/23/25 Hearing Tr. at 74:19–75:2.) The Joint Status Report in this action was filed on July 10, 2026, and the Court denied HSOne's Motion for Reconsideration on July 15, 2026. (ECF Nos. 47, 50.)

On July 31, 2026, the Maryland court ruled on the parties' injunction motions and entered preliminary injunctions against both parties. (Maryland Action Opinion (ECF No. 189), Order (ECF No. 190).) That court found that HSOne was likely to succeed on the merits of its CFAA

claim and suffer irreparable harm from Vyne's unauthorized access, noting Vyne's conduct was "more akin to the '*outside* hackers'…" (Maryland Action Opinion at 78–79 (emphasis in original).) That court also found that Vyne's methods "have likely placed the Dentrix system in a vulnerable state and at substantially increased risk of a data security breach by malicious actors, which threatens the public disclosure of sensitive patient data stored in Dentrix." (*Id.* at 84.)

## ARGUMENT

### I. This Action Should Not Be Dismissed.

#### A. The First-to-File Rule.

The first-to-file rule "'permits,' but does not require, a federal district court to abstain" in deference to a first-filed case. *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (citation omitted). Courts consider three factors to determine whether the rule applies: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Michael W. v. United Behav. Health*, 420 F. Supp. 3d 1207, 1224 (D. Utah 2019) (citing *Wakaya*, 910 F.3d at 1124). These factors are not exhaustive and a court "cannot resort to a 'rigid mechanical solution.'" *Id.* (citation omitted).

Courts "must" also determine whether any equitable considerations merit not applying the rule, including where a party engaged in anticipatory filing or forum shopped. *Wakaya*, 910 F.3d at 1127 (citation omitted and emphasis added). The rule is "not mandatory," and even if all factors are satisfied, "equitable factors may still counsel against application of the rule." *CFPB v. Acima Holdings, LLC et al.*, No. 24-CV-00525, 2024 WL 4931839 *2–4, 6 (D. Utah Dec. 2, 2024) (finding defendants' "forum shopping and race to the courthouse" outweighed applicability of all first-to-file rule factors); *Michael W.*, 420 F. Supp. 3d at 1224 (citing *Wakaya*, 910 F.3d at 1124)

(denying motion to dismiss or to abstain based on the first-to-file rule). The "classic case" warranting deviation from the rule is "where one party has filed an anticipatory suit . . . in a preferred forum." *CFPB*, 2024 WL 4931839, at *3.

**B. The Appropriate Remedy—If Any—is a Stay, Not Dismissal.**

Even assuming the rule applies, dismissal is not appropriate. *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1334–35 (D. Utah 2014) (staying pending first action due to anticipatory filing and forum shopping); *see also Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 691–92 (10th Cir. 1965) (noting difficulties surrounding transfer and holding other actions in abeyance pending related cases); *Ed Tobergte Assocs., Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F. Supp. 2d 1197, 1199–200 (D. Kan. 1999) (staying case). As evidenced by Vyne's own cited authorities, dismissal is the exception. Not the rule. *See, e.g.*, *Wallace B. Roderick Rev. Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1299 (D. Kan. 2010) ("Courts rarely dismiss claims pursuant to the first-to-file rule, preferring instead to transfer those claims to the court where the similar claims were first filed." (collecting cases)).

A stay also alleviates this Court's concerns regarding HSOne litigating its claims in two courts simultaneously, including any issues of claim-splitting and judicial-estoppel principles, while reserving HSOne's ability to return to its chosen and contractually designated forum should circumstances warrant it. HSOne might, for example, wish to pursue claims here that were not fully addressed in the Maryland Action, which have prompted courts in this District to stay, rather than dismiss a case. *Alter*, 57 F. Supp. 3d at 1335. Dismissal would further strip HSOne of the Utah forum the parties agreed to and would reward Vyne for its egregious forum shopping. Nevertheless, for the reasons set forth below the first-to-file rule should not apply here.

**C. Chronology of Events and Similarity of Parties, Issues, and Claims Do Not Compel Application of the First-to-File Rule.**

First, although the Maryland Action was first-filed, "the overall chronology of events between the two cases" demonstrates that HSOne's demand letter sought to stop Vyne's conduct without litigation. *See Michael W.*, 420 F. Supp. 3d at 1231. In an apparent attempt to secure what Vyne considers a more favorable forum, Vyne filed in Maryland anticipating HSOne's filing in Utah, which happened a mere few days later. *See Nacogdoches Oil & Gas, L.L.C. v. Leading Sols., Inc.*, No. 06-2551, 2007 WL 2402723, at *2–3 (D. Kan. Aug. 17, 2007) (courts may disregard rule when action "filed within a short time of each other"); *see also Recoton Corp. v. Allsop, Inc.,* 999 F. Supp. 574, 577 (S.D.N.Y. 1998) (not applying rule where actions filed two days apart). Second, that the parties overlap is not dispositive. *See U.S. ex rel. Brown Minneapolis Tank Co. v. Kinley Const. Co.*, 816 F. Supp. 2d 1139, 1143 (D.N.M. 2011) (denying motion to dismiss even where parties same). Third, the issues and claims were not the same at the time that HSOne filed its counterclaims in Maryland to preserve its rights.

**D. Vyne's anticipatory forum shopping counsel against application of the rule.**

Even if this Court finds the foregoing factors weigh in favor of applying the rule, the rule should still not be applied in light of the applicable equitable factors. *Wakaya*, 910 F.3d at 1127; *Michael W.*, 420 F. Supp. 3d at 1230–33; *CFPB*, 2024 WL 4931839, at *2–4. Both anticipatory filing and forum shopping are present here and justify a stay rather than dismissal, which would only reward Vyne's conduct. *CFPB*, 2024 WL 4931839, at *2–3; *Wakaya*, 910 F.3d at 1127.

HSOne's demand letter sought to stop Vyne's conduct and prevent further damage. Vyne then abandoned a negotiated tolling agreement and filed first in Maryland to preempt HSOne's ability to seek relief in Utah in light of perceived favorable Fourth Circuit precedent. (Maryland

Action Mot. to Transfer ("Transfer Mot.") (ECF No. 35) at 1–2, 10–11; Reconsideration Mot. at 3; HSOne Reply ISO Reconsideration Mot. (ECF 39) 4–8.) It did so even though: HSOne is located in Utah, witnesses are in Utah, Vyne has an office in Utah, Vyne's CEO and CTO reside in Utah, and only a relatively small amount of customers are in Maryland (comparable to most any other state). (Transfer Mot. at 1–2, 8–11.) That is quintessential forum shopping. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (holding district court did not abuse discretion by declining to dismiss, noting defendant filed first due to unfavorable precedent); *M&N Plastics, Inc. v. Sebelius*, 997 F. Supp. 2d 19, 25 (D.D.C. 2013) (finding plaintiff filed first seeking more favorable precedent); *accord Nazemi v. Arco Petroleum Prods. Co.*, No. 88 CV 8428 (KMW), 1989 U.S. Dist. LEXIS 8438, at *3-4 (S.D.N.Y. July 25, 1989).[1] Rewarding a "race to choose the forum" through "preemptive forum shopping" is "unhelpful and inefficient." *CFPB*, 2024 WL 4931839, at *4; *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 664–65 (N.D. Cal. 2003) (applying anticipatory-filing exception where party requested extensions to reply to demand for settlement purposes then rushed to file).

Vyne contends HSOne's claim that Vyne forum shopped was "factually baseless . . . as the Maryland Court confirmed when it denied HSOne's motion to dismiss Vyne's complaint for improper venue there." (Mot. at 8.) But venue is a different inquiry. There can always be multiple possibly proper venues for any action. The Maryland court did not address forum shopping and did not find HSOne's claim that Vyne forum shopped was factually baseless, instead denying a venue challenge under either prong of 28 U.S.C. § 1391(b). (Maryland Action ECF No. 189 at 21–

[1] Even without bad faith, the anticipatory-suit exception applies because bad faith and anticipatory suits are treated as "separate bases" for not applying the rule. *CFPB*, 2024 WL 4931839, at *4.

24.) It did not address proper venue under the transfer statute, 28 U.S.C. § 1404(a), which is a different analysis, nor did it make any findings about Vyne's anticipatory filing tactics.

Vyne itself argued that it was "premature to consider" a transfer motion "when the issues haven't been fully formed," and HSOne has never abandoned its position that Utah is the most proper venue for the reasons stated above. (Transfer Mot. at 1–2, 8–11; Maryland Action 10/23/25 Hearing Tr. at 74:22–23.) HSOne adopted Vyne's position and withdrew its transfer motion given the complex issues and to facilitate enforcement of Judge Maddox's injunction. Not one month later, Vyne is gearing up to do just that in seeking a stay of the injunction. (*See generally* Maryland Action ECF No. 201.) This is part of a troubling pattern of Vyne's misrepresentations to the Maryland court. (*See* Maryland Action ECF No. 201 at 2 (collecting sources).) The foregoing factors and equities militate against dismissing this case under the first-to-file rule.

## II. Sanctions Under 28 U.S.C. § 1927 Are Not Warranted.

Section 1927 authorizes fees against counsel only for an "extreme standard" of misconduct. *Baca*, 806 F.3d at 1268. It is intended only for instances evidencing a serious disregard for the orderly process of justice, so as not to "dampen[] the legitimate zeal of an attorney in representing his client." *Id.* (citation omitted). Advancing a good-faith position based on the facts and legal authority is not sanctionable. *Obeslo v. Empower Capital Mgmt., LLC*, 85 F.4th 991, 1005–13 (10th Cir. 2023) (reversing sanctions for counsel moving forward with claims not legally meritless when advanced). There must also be "a causal connection between the objectionable conduct and multiplication of the proceedings, such that the conduct result[ed] in proceedings that would not have been conducted otherwise." *Baca*, 806 F.3d at 1268 (internal citations omitted).

HSOne's counsel has consistently advocated for HSOne's position that Utah is the proper venue for this case based on supportive legal authority. (*See generally* Reconsideration Mot.; Transfer Mot.; Joint Status Rep.) The first-to-file rule is discretionary and its equitable exceptions are, by the Tenth Circuit's own account, "not exhaustive" or fixed. *Wakaya*, 910 F.3d at 1124; *see also Michael W.*, 420 F. Supp. 3d at 1230 ("The Tenth Circuit has not formalized which other equitable factors may bear on the inquiry." (internal citation omitted)). HSOne has argued, with support from decisions in this District, that anticipatory filing and forum shopping counsel against application of the first-to-file rule, and that a stay rather than dismissal is appropriate. These positions are supported by binding precedent. *Obeslo*, 85 F.4th at 1013–14 (finding counsel did not multiply the proceedings "unreasonably and vexatiously" by continuing to advance claims when "their legal theories were not foreclosed by binding precedent in this jurisdiction"); *Mike Ferry Org. v. Bit Gooey, Inc.*, No. 2:20-CV-00684-RJS-DAO, 2021 WL 12318678, at *6 (D. Utah Aug. 30, 2021) (denying sanctions noting actions were "reasonably grounded in the facts and the law"); *Alter*, 57 F. Supp. 3d at 1335 (staying rather than dismissing). Because HSOne may later renew its transfer motion and wish to litigate the claims here, including for trial, it declined to voluntarily dismiss. HSOne's decision to file counterclaims in Maryland while its Reconsideration Motion was pending here was to stop Vyne's unauthorized access to HSOne's systems. This is not the type of extreme disregard that warrants sanctions. *Obeslo*, 85 F.4th at 1013-14. That the Court has not adopted HSOne's positions does not make them sanctionable. *Id.*

Vyne also cannot show a causal connection. Vyne filed this Motion pursuant to the Court's Order, which allowed Vyne to move to dismiss if HSOne did not voluntarily dismiss by July 27,

2026. Vyne was not required to file. These facts do not support the sanctions that Vyne seeks.[2]

**III. Vyne's Motion Violates the Court's Local Rules.**

Lastly, the Motion should be denied for failure to comply with Civil Local Rule 7-1(a)(4)(D)(i), which limits motions not brought under FRCP 12 and other enumerated rules to 10 pages or 3,100 words. Vyne did not move under Rule 12, but the Motion is over 14 pages and approximately 4,989 words. (Mot. at 6, n.2 ("In the event this Court finds that it is nonetheless appropriate to exercise jurisdiction over HSOne's complaint, Vyne respectfully reserves the right to move to dismiss the complaint under Federal Rule of Civil Procedure 12 . . . .").) Vyne neither sought nor obtained leave to file an oversized motion as required. *Id.*; Civ. L.R. 7-1(a)(7)(A); *see also Keele v. Snow Haven Retreat, LLC*, No. 2:25-CV-00806-JCB, 2026 WL 2296703, at *10–11 (D. Utah Aug. 10, 2026) (Bennett, M.J.) (denying retroactive motion for leave to exceed page limitation and striking non-FRCP 12 motion to dismiss for failure to comply with local rules). Vyne's filing also lacks the requisite word-count certification. Civ. L.R. 7-1(a)(6)(C).

HSOne nevertheless responds on the merits without waiving its objection.

**<u>CONCLUSION</u>**

For the foregoing reasons, HSOne respectfully requests that the Court deny Vyne's Motion to Dismiss and for Sanctions in its entirety and maintain the stay in this matter.

---

[2] Vyne's authorities demonstrate no valid basis for the requested sanctions. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006) ("patently meritless" claims); *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1442, 2022 WL 17588344, at *3, 5 (10th Cir. Dec. 13, 2022) (jurisdictional defect was "obvious" against a "veritable tsunami of decisions" rejecting identical claims); *Smith v. Wyndham Vacation Ownership, Inc.*, No. 4:24-CV-00040-DN-PK, 2025 WL 1769695, at *2 (D. Utah June 26, 2025) (counsel refused to withdraw motion after receiving an email about its deficiency). These are nothing like the forum dispute at issue here, where HSOne has valid positions supported by binding precedent.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Michael Burshteyn*
Michael Burshteyn (*pro hac vice*)
BURSHTEYN POLIN LLP

*Attorneys for Plaintiff Henry Schein One, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, the foregoing was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record appearing in this matter.

*/s/ Michael Burshteyn*
Michael Burshteyn