Amy F. Sorenson (8947)
Bret R. Evans (15131)
Snell & Wilmer LLP
Salt Lake City, Utah 84101
Telephone: 801.257.1900
asorenson@swlaw.com
brevans@swlaw.com

Michael Shuster*
Vincent Levy*
Daniel Fahrenthold*
Holwell Shuster & Goldberg LLP
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: 646.837.5151
vlevy@hsgllp.com

**pro hac vice*

*Attorneys for National Electronic Attachment, Inc. d/b/a Vyne Dental*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **HENRY SCHEIN ONE, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL ELECTRONIC ATTACHMENT INC. d/b/a VYNE DENTAL**, a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-00883-AMA-JCB<br><br>**VYNE'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND FOR SANCTIONS**<br><br>District Judge Anne Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

## TABLE OF CONTENTS


ARGUMENT ........................................................................................................ 1

I. The Court Should Dismiss This Case. ........................................................... 1

A. HSOne does not meaningfully contest the first-to-file factors. ..................... 1

B. HSOne's equitable arguments against the first-to-file rule lack merit. ........... 2

C. Dismissal, not a stay, is the appropriate remedy. .......................................... 3

II. HSOne's Litigation Conduct Warrants Sanctions. .......................................... 4

CONCLUSION ................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Animal Health Int'l, Inc. v. Livingston Enters., Inc.*,
2012 WL 1439243 (D. Colo. Apr. 26, 2012) ........ 6

*Baatz v. Colum. Gas Transmission, LLC*,
814 F.3d 785 (6th Cir. 2016) ........ 1, 2

*Baca v. Berry*,
806 F.3d 1262 (10th Cir. 2015) ........ 5, 6

*CFPB v. Acima Holdings, LLC*,
2024 WL 4931839 (D. Utah Dec. 2, 2024) ........ 2

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
928 F.2d 1509 (10th Cir. 1991) ........ 3

*David P. v. United Healthcare Ins. Co.*,
2020 WL 607620 (D. Utah Feb. 7, 2020) ........ 1, 2, 3

*Hamilton v. Boise Cascade Exp.*,
519 F.3d 1197 (10th Cir. 2008) ........ 4, 5, 6

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*,
296 F.3d 982 (10th Cir. 2002) ........ 3, 6

*Katz v. Gerardi*,
655 F.3d 1212 (10th Cir. 2011) ........ 3, 4

*Michael W. v. United Behav. Health*,
420 F. Supp. 3d 1207 (D. Utah 2019) ........ 2, 3

*O'Rourke v. Dominion Voting Sys., Inc.*,
2022 WL 17588344 (10th Cir. Dec. 13, 2022) ........ 5

*Obeslo v. Empower Cap. Mgmt., LLC*,
85 F.4th 991 (10th Cir. 2023) ........ 6

*Smith v. Wyndham Vacation Ownership, Inc.*,
2025 WL 1769695 (D. Utah June 26, 2025) ........ 5

*Solis v. Wexford Health Sources, Inc.*,
2025 WL 2938310 (D.N.M. Oct. 16, 2025) ........ 6

*Span-Eng Assocs. v. Weidner*,
771 F.2d 464 (10th Cir. 1985) ........ 2

*Steinert v. Winn Grp., Inc.*,
440 F.3d 1214 (10th Cir. 2006) ........ 4

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*,
910 F.3d 1118 (10th Cir. 2018) ........ 1, 2

**Other Authorities**

15 Wright & Miller's Federal Practice & Procedure § 3846 (4th ed. 2026) ........ 3

**Rules**

28 U.S.C. § 1927 ........ 1

HSOne's opposition fails to meaningfully contest Vyne's straightforward arguments for dismissal or sanctions. As is undisputed, Vyne filed its Maryland complaint—involving the same parties, issues, and claims—days before HSOne filed this case; HSOne then filed identical counterclaims in Maryland and sought an identical preliminary injunction there; and it later withdrew its efforts to have the Maryland case transferred here. There is no basis in law or logic for this Court to maintain jurisdiction over this duplicative case. And because HSOne's persistence has forced Vyne and this Court to expend unnecessary time and resources, the Court should order HSOne to pay Vyne's fees for seeking dismissal pursuant to 28 U.S.C. § 1927.

## ARGUMENT

### I. The Court Should Dismiss This Case.

HSOne's self-admitted "parallel litigation" tactics, Reconsideration Order,[1] frustrate the interests that the first-to-file rule was designed to serve: comity, conservation of judicial resources, and avoiding piecemeal adjudication. *See David P. v. United Healthcare Ins. Co.*, 2020 WL 607620, at *9 (D. Utah Feb. 7, 2020). The Court should dismiss this case.

#### A. HSOne does not meaningfully contest the first-to-file factors.

HSOne does not dispute that each of the three first-to-file factors is satisfied. *See* Opp'n at 6. Those factors are "'(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'" *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)). HSOne concedes that it filed its Utah complaint "days later" than Vyne's Maryland complaint and that "the parties overlap." Opp'n at 6. And HSOne does not contest that the Maryland litigation presently involves the same issues and claims,

[1] Defined terms carry the same meaning as in Vyne's Motion to Dismiss and for Sanctions, Dkt. 53 (the "Motion" or "Mot.").

contending only that this was not so before it chose to file counterclaims in Maryland. *Id.* But as the Court recognized, there was sufficient overlap before, TRO Order at 1–2, and there is surely enough overlap now. *See David P.*, 2020 WL 607620, at *11 (explaining that "the issues need not be identical" (quoting *Baatz*, 814 F.3d at 791)).

**B. HSOne's equitable arguments against the first-to-file rule lack merit.**

HSOne cites the "equitable factors," Opp'n at 6, but those support dismissal here, including "the avoidance of piecemeal litigation" and "the potential for the [first-filed] court action to provide an effective remedy for the [second-filed] plaintiff." *Michael W. v. United Behav. Health*, 420 F. Supp. 3d 1207, 1230 (D. Utah 2019) (alterations in original) (quoting *Wakaya*, 910 F.3d at 1122). It is difficult to conceive of a situation more deserving of dismissal, given that HSOne itself has said that the Maryland court is now "best positioned" to adjudicate its claims and withdrew its motion to transfer the Maryland case to Utah. *See* July Status Report at 3–4.

HSOne claims that Vyne engaged in forum shopping. This is both irrelevant and wrong. HSOne cites no case in which a court held that allegations of forum shopping could justify maintaining a duplicative case where the plaintiff in the second-filed case actively decided to prosecute its claims in the first-filed case and called the court in that case best positioned to consider those claims. Regardless, there was no forum shopping: Vyne, as plaintiff, was entitled to its choice of forum "so long as [its] suit meets jurisdictional and venue requirements." *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985); *CFPB v. Acima Holdings, LLC*, 2024 WL 4931839, at *4 (D. Utah Dec. 2, 2024) (rejecting defendants' "forum shopping" argument where defendants did "not explain . . . why the court should not allow plaintiffs to bring their case in their preferred forum"). The Maryland court has found as much.

### C. Dismissal, not a stay, is the appropriate remedy.

HSOne insists that the Court should stay, rather than dismiss, its Utah case. HSOne is wrong. True, dismissal under the first-to-file rule is "rare." *David P.*, 2020 WL 607620, at *9 (quoting *Michael W.*, 2019 WL 4736937, at *9). But it is far rarer for a sophisticated company advised by sophisticated counsel to openly pursue identical claims in another federal court—on the ground that the other court is best positioned to consider its claims—while resisting dismissal. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) ("It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." (citation and internal quotation marks omitted)); Reconsideration Order at 2 ("HSOne may not engage in litigation of its claims in two courts simultaneously."). The case thus clearly calls for the Court to exercise its "discretion to control [its] docket[] by dismissing" HSOne's "duplicative" Utah complaint. *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

HSOne contends that maintaining the case would facilitate a potential later transfer. Opp'n at 2. Vyne and the Court explained why this was wrong. Reconsideration Order at 2. As explained, if the Maryland court were to transfer the Maryland case here, it would travel to this Court, and "the papers [would be] lodged with the clerk of the transferee court" (i.e., this one), and thereafter (following any stay to permit appellate review), the Maryland case would be here, "remain[ing] in the posture it was in" before transfer, with "all further proceedings in th[at] action merely [being] referred to . . . the transferee tribunal." 15 Wright & Miller's Federal Practice & Procedure § 3846 (4th ed. 2026); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) ("The date the papers in the transferred case are docketed in the transferee court" is "the effective date that jurisdiction in the transferor court is terminated" and the transferee court obtains

jurisdiction over the transferred case.). There is no place in the statutory transfer scheme for a duplicative, second-filed case here.

With no authority to support its position, HSOne states that "Vyne itself argued that it was 'premature to consider' a transfer motion" at the time HSOne moved to transfer the Maryland case to this court. Opp'n at 8. Vyne's argument in that regard does not justify having two federal courts retain jurisdiction over parallel cases at the same time. Again, there is no reason in efficiency or otherwise for this Court to retain jurisdiction over a second-filed case if the plaintiff in the second-filed case wishes to actively prosecute the same claims in the first case.

Finally, HSOne asserts that "HSOne might . . . wish to pursue claims here that were not fully addressed in the Maryland Action." Opp'n at 5. This only highlights the propriety of dismissal, as HSOne is *already* pressing all the claims its complaint makes here in Maryland, and HSOne "essentially admits to claim splitting with this case." *Katz*, 655 F.3d at 1219 (affirming dismissal); *see also* Reconsideration Order at 2; Mot. at 9–10.

**II. HSOne's Litigation Conduct Warrants Sanctions.**

By refusing to voluntarily dismiss this case, HSOne has required Vyne and the Court to expend unnecessary time and resources, warranting sanctions. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202–03 (10th Cir. 2008). Again, HSOne fails to meaningfully respond, arguing instead that (1) its conduct did not amount to "extreme disregard" and (2) Vyne brought on its own costs by choosing to move to dismiss. HSOne is wrong on both fronts.

*First*, as explained, the conduct is sanctionable, because whatever HSOne's attorneys initially thought before they decided to bring counterclaims in Maryland and withdrew their motion to transfer the Maryland case to this Court, HSOne's attorneys had an obligation to "regularly re-evaluate the merits of their claims and . . . avoid prolonging meritless claims." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006). HSOne should have acted "to

drop the case" as soon as its continued pursuit became "objectively unreasonable," which clearly happened by the time HSOne decided to press its claims in Maryland on the basis that the Maryland court was the best positioned to consider those claims. *Baca v. Berry*, 806 F.3d 1262, 1278 (10th Cir. 2015) (reversing grant of sanctions but reasoning that "in a meritless case, protracted failure to do anything but dismiss the case . . . might be sanctionable"); *accord O'Rourke v. Dominion Voting Sys., Inc.*, 2022 WL 17588344, at *5 (10th Cir. Dec. 13, 2022) (affirming order of § 1927 sanctions where plaintiff's counsel "unreasonably . . . fail[e]d to dismiss the claims against" certain defendants despite an "obvious" jurisdictional defect); *Smith v. Wyndham Vacation Ownership, Inc.*, 2025 WL 1769695, at *4 (D. Utah June 26, 2025) (ordering § 1927 sanctions where plaintiff's counsel failed to withdraw a motion that "lacked merit" until after the defendant had drafted its response brief). That is particularly so as this Court gave HSOne time to reconsider.

Contrary to HSOne's contentions, § 1927 sanctions are not reserved for "the most striking or egregious" misconduct. *Hamilton*, 519 F.3d at 1203. But regardless, this Court made clear that HSOne could "not engage in litigation of its claims in two courts simultaneously" and encouraged HSOne to "revisit the question of voluntary dismissal" after HSOne withdrew its transfer motion in Maryland, giving HSOne further time to do so. Reconsideration Order at 4. HSOne declined to voluntarily withdraw and instead doubled down on its position, without citing any authority to justify its position that maintaining a duplicative case is appropriate after affirmatively deciding to prosecute the same claims pending in the duplicative case in another federal court. In doing so, HSOne's counsel unreasonably and unnecessarily "multiplie[d] the proceedings" under § 1927,

making HSOne's attorneys "personally responsible" for the dismissal fees. *Hamilton*, 519 F.3d at 1203.[2]

*Second*, HSOne cannot sidestep sanctions by claiming that "Vyne was not required to file" its motion to dismiss and incur the corresponding costs. Opp'n at 10. This Motion was the only way to end HSOne's parallel litigation, given that HSOne did not voluntarily dismiss. The "causal connection" between HSOne's failure to act and Vyne's costs is clear. *Baca*, 806 F.3d at 1268 (citation and internal quotation marks omitted).[3]

**CONCLUSION**

The Court should dismiss HSOne's complaint and order HSOne's counsel to pay Vyne's fees under 28 U.S.C. § 1927.

---

[2] The facts of this case are far afield from those of HSOne's primary case, *Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991 (10th Cir. 2023). There, the Tenth Circuit reversed the district court's grant of § 1927 sanctions against plaintiffs' counsel where the court had found "meritorious, triable issues" on summary judgment. *Id.* at 1006. Here, the Court explained why there was no justification for duplicative proceedings.

[3] HSOne's argument about the Local Rules' page limit, Opp'n at 10, falls flat. As Vyne explained, it "understands its Motion to Dismiss, Dkt. 53, to be premised on Fed. R. Civ. P. 12(b), and thus subject to the 25-page limit in DUCivR 7-1(a)(4)(A)(i)." Dkt. 55 at 1; *accord Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, 2012 WL 1439243, at *2, 5 (D. Colo. Apr. 26, 2012) (granting motion "pursuant to Rule 12 and § 1404(a)" to dismiss or transfer "per the first to file rule"); *Solis v. Wexford Health Sources, Inc.*, 2025 WL 2938310, at *1 (D.N.M. Oct. 16, 2025) (discussing prior motion to dismiss "pursuant to Rule 12(b)(6)" based on the "first-to-file rule"), *report and recommendation adopted*, 2025 WL 3461483 (D.N.M. Dec. 2, 2025); *Hartsel Springs*, 296 F.3d at 985 (reviewing dismissal for claim splitting pursuant to Rule 12(b)(6) under deferential abuse of discretion standard). In any event, when separated from its motion for sanctions, Vyne's motion to dismiss is well under DUCivR 7-1(a)(4)(D)(i)'s ten-page limit.

DATED: September 14, 2026.

| | |
|---|---|
| **SNELL & WILMER LLP** | **HOLWELL SHUSTER & GOLDBERG LLP** |
| | *_/s/ Vincent Levy_* |
| Amy F. Sorenson | Michael Shuster |
| Bret R. Evans | Vincent Levy |
| | Daniel Fahrenthold |

*Attorneys for Plaintiff National Electronic Attachment, Inc., d/b/a Vyne Dental*